COLUMBUS BOARD OF EDUCATION, APPELLANT, *v.* J.C. PENNEY
PROPERTIES, INC., APPELLEE, ET AL.

[Cite as Columbus Bd. of Edn. *v.* J.C. Penney Properties, Inc. (1984),
11 Ohio St. 3d 203.]

(No. 83-1379—Decided June 27, 1984.)

*Messrs. Teaford, Rich & Dorsey, Mr. Jeffrey A. Rich* and *Mr. Matthew T. Fitzsimmons,* for appellant.

*Fred Siegel Co., L.P.A., Mr. Fred Siegel, Ms. Karen H. Bauernschmidt, Messrs. DiCillo & Bell* and *Mr. Irving Bell,* for appellee.

*Per Curiam.* Appellant argues in its first two propositions of law that it was unreasonable and unlawful for the board to apply a common level of assessment of 31.2 percent in determining the taxable value of Penney's property.

We agree. The Board of Tax Appeals has no authority to determine the common level of assessment on appeal. The board's powers upon appeal are enumerated in R.C. 5717.03 which provides, in part:

"In case of an appeal from a decision of a county board of revision, the board of tax appeals shall determine the taxable value of the property whose valuation or assessment by the county board of revision is complained of, or in the event the complaint and appeal is against a discriminatory valuation, shall determine *a valuation* which shall correct such discrimination, and shall determine the liability of the property for taxation * * *.

"In correcting a discriminatory valuation, the board of tax appeals shall increase or decrease *the value* of the property whose valuation or assessment by the county board of revision is complained of by a per cent or amount which will cause such property to be listed and valued for taxation by an equal and uniform rule." (Emphasis added.)

Thus, the board is limited to determining the value of subject property on appeal.

The authority to determine the common level of assessment is granted only to the Commissioner of Tax Equalization.[1] R.C. 5715.01 provides that, "[t]he taxable value shall be that per cent of true value in money * * * *the commissioner* by rule establishes, but it shall not exceed thirty-five per cent." (Emphasis added.)

R.C. 5715.19(F) provided in part:

"Upon request of a complainant, *the commissioner of tax equalization* shall determine the common level of assessment of real property in the county for the year stated in the request * * * which common level of assessment shall be expressed as a percentage of true value * * *. Such determination shall be made on the basis of the most recent available sales ratio studies of the commissioner and such other factual data as the commissioner deems pertinent." (Emphasis added.)

By entry dated January 12, 1981, the Commissioner of Tax Equalization fixed the common level of assessment for Franklin County for 1980 at thirty-five per cent. The Board of Tax Appeals was required to apply this percentage in determining the taxable value of Penney's property.

In view of our determination on this issue, we need not address appellant's argument contesting the admission of certain expert testimony before the board.

In its brief, Penney also raises numerous "assignments of error"

---

[1] Pursuant to Am. Sub. H.B. No. 260, effective September 27, 1983, the Department of Tax Equalization has been absorbed by the Department of Taxation and this duty is now upon the Tax Commissioner.

challenging the board's decision. However, this court is without jurisdiction to consider those arguments because Penney did not file a notice of appeal from the board's decision. R.C. 5717.04; *Goldman* v. *Harrison* (1951), 156 Ohio St. 403 [46 O.O. 238].

No effective challenge having been made to the board's determination of true value, that aspect of the decision is affirmed. The decision of the Board of Tax Appeals insofar as it applies a common level of assessment of 31.2 percent to determine the taxable value of Penney's property is reversed, and the cause is remanded with instructions to recompute the taxable value of the property at issue using the common level of assessment of thirty-five percent.

*Decision affirmed
in part and
reversed in part
and cause remanded.*

Celebrezze, C.J., W. Brown, Sweeney, Locher, C. Brown and J. P. Celebrezze, JJ., concur.

Holmes, J., dissents.