CHRISTIAN CHURCH OF OHIO, APPELLEE, *v.*
LIMBACH, TAX COMMR., APPELLANT.

[Cite as Christian Church of Ohio *v.* Limbach (1990), 53 Ohio St. 3d 270.]

(No. 89-1464—Submitted June 8, 1990— Decided September 12, 1990.)

*Squire, Sanders & Dempsey* and *Bebe A. Fairchild,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellant.

*Per Curiam.* The Tax Commissioner contends that the BTA erred in granting tax exemption because the subject property was not used exclusively for public worship. We agree.

The essence of R.C. 5709.07 is:

"* * * [H]ouses used exclusively for public worship * * * and the ground attached to such buildings necessary for the proper occupancy, use, and enjoyment thereof * * * shall be exempt from taxation. * * *"

The parties stipulated that no other party used, rented, or leased the subject property at any time. The activities conducted at the property consisted of general supervision of member churches and cooperative programs for religious training, the establishment of new churches, staff training, counseling, and providing Christian ministry on college campuses. No public worship services were conducted on the subject property.

It is not enough that property is used only in support of public worship. We held in *Faith Fellowship Ministries* v. *Limbach* (1987), 32 Ohio St. 3d 432, 513 N.E. 2d 1340, at paragraph two of the syllabus: "To qualify for exemption from real property taxation as a house used exclusively for public worship under R.C. 5709.07, such property must be used in a principal, primary, and essential way to facilitate the public worship." In *Faith Fellowship, supra,* we dealt with multiple use of a complex of buildings and approved exemption for the parts of those buildings which were used in connection with the public worship being conducted within the complex. Thus, the property under review, to be entitled to exemption, must facilitate the public worship occurring on the premises. See, also, *Bishop* v. *Kinney* (1982), 2 Ohio St. 3d 52, 2 OBR 594, 442 N.E. 2d 764, where we granted exemption for the parish hall operated by the church in a single building which included facilities for the church, administrative offices, residences, classrooms and the furnace room. We reasoned that the primary use of the parish hall controlled, *i.e.,* the use was religious in nature.

In the case before us, there was no public worship conducted in the single building constituting the subject property. Since the application of R.C. 5709.07 was the gravamen of the BTA's decision, its action in granting exemption was unreasonable and unlawful.[1]

For the foregoing reasons, the decision of the BTA is reversed.

*Decision reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

[1] Although appellee contended before the BTA that it was entitled to exemption under R.C. 5709.12, no cross-appeal has been filed and that issue is not presented in this appeal. Accordingly, we lack jurisdiction to decide that issue.