OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Cleveland Board of Education, Appellee and Cross-Appellant; Roc Syl Associates, Appellant and Cross-Appellee, v. Cuyahoga County Board of Revision.
[Cite as Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision (1994),     Ohio St.3d     .]
Taxation -- Real property valuation -- Party that asserts right to an increase in real property valuation has duty to prove his right to an increase in value.
(No. 92-1431 -- Submitted April 29, 1993 -- Decided February 23, 1994.)
Appeal and Cross-Appeal from the Board of Tax Appeals, Nos. 89-H-909, 89-H-910 and 89-C-972.

This appeal involves the real property valuation of Holiday Inn Lakeside for tax year 1988. The subject property, located at 1111 Lakeside Avenue, Cleveland, Ohio, is a seventeen-story building containing three hundred eighty-two guests rooms, an adjoining one-story building with a lobby and meeting rooms, and an attached six-level parking garage. The Cuyahoga County Auditor determined that the true value of the subject property was $7,940,020. Roc Syl and the Cleveland Board of Education ("school board") objected to the auditor's determination, but the Cuyahoga County Board of Revision, upon hearing, affirmed the auditor's valuation.

Each of the parties then appealed to the Board of Tax Appeals ("BTA") and presented expert appraisal evidence. Roc Syl's appraiser estimated the true value of the subject property to be $6,350,000; the school board's appraiser estimated $8,200,000. The BTA, however, ratified the true value determination of the board of revision.

The cause is before this court upon an appeal and cross-appeal as of right.

Armstrong, Mitchell & Damiani, Timothy J. Armstrong and Deborah J. Papushak for appellee and cross-appellant.

Fred Siegel Co., L.P.A., Fred Siegel, Steven R. Gill and Todd W. Sleggs, for appellant and cross-appellee.

Per Curiam. The BTA found that neither party had sustained

its burden of proof, and that the true value of the subject property was the amount determined by the board of revision, $7,940,020.  We affirm.

Roc Syl argues that the BTA failed to set forth the reasons for its decision.  However, that issue is not properly before us because it was not raised in Roc Syl's notice of appeal. Columbus Bd. of Edn. v. J.C. Penney Properties, Inc. (1984), 11 Ohio St.3d 203, 204-205, 11 OBR 521, 522, 465 N.E.2d 48, 49.

Roc Syl also complains that the BTA misread Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision (1988), 37 Ohio St.3d 16, 523 N.E.2d 826, regarding the presumption of validity accorded to a board of revision determination.  We disagree with Roc Syl and find that the BTA properly construed and applied Alliance Towers.  That decision dealt essentially with the proper method of determining the true value of subsidized housing, a subject that is not germane to this appeal.

Nevertheless, Alliance Towers does say:

"The taxpayers offered no testimony or evidence that the action of the board of revision was not performed in good faith and in the exercise of sound judgment.  Absent this proof, the action of the board of revision must be presumed to be valid." Alliance Towers, 37 Ohio St 3d at 25, 523 N.E.2d at 834.

In other words, Alliance Towers, resolves the issue of whether the board of revision acted in good faith and exercised sound judgment, not whether the board of revision's finding of true value should be presumed to be correct.  Roc Syl's appeal does not present the issue of "good faith" or "sound judgment"; moreover, the BTA found that Roc Syl failed to sustain its burden of proving that the board of revision's true value determination was incorrect.

The sockdolager to the school board's dispute over the true value determination of the subject property is, as stated in Zindle v. Summit Cty. Bd. of Revision (1989), 44 Ohio St.3d. 202, 203, 542 N.E.2d. 650, 651:

"We further reiterated the established principle that a taxpayer has the duty to prove his right to a reduction in value."  See, also, R.R.Z. Associates v. Cuyahoga Cty. Bd. of Revision (1988), 38 Ohio St.3d. 198, 202, 527 N.E.2d 874, 878, and W. Industries, Inc. v. Hamilton Cty. Bd. of Revision (1960), 170 Ohio St. 340, 10 O.O.2d 427, 164 N.E.2d 741.

In Crow v. Cuyahoga Cty. Bd. of Revision (1990), 50 Ohio St.3d 55, 57, 552 N.E.2d 892, 893, we stated:  "Appellant had the duty to prove his right to a reduction in value but failed to do so."  Likewise, this requirement applies with equal force to a party that asserts a right to an increase in real property valuation, as the school board did here.  It failed to present sufficient probative evidence to support its claimed true value.  The BTA ultimately determines the weight and credibility to be accorded to evidence before it.  Cardinal Fed. S.& L. Assn. v. Cuyahoga Cty. Bd. of Revision (1975), 44 Ohio St.2d. 13, 19-20, 73 O.O.2d. 83, 87, 336 N.E.2d. 433, 437.

For the reasons stated, the decision of the BTA is affirmed as it is neither unreasonable nor unlawful.

                                        Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.