[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 67.]

WESTHAVEN, INC., APPELLEE, *v*. WOOD COUNTY BOARD OF REVISION ET AL.,
APPELLANTS.

[Cite as *Westhaven, Inc*. v. *Wood Cty. Bd. of Revision*, 1998-Ohio-446.]

*Taxation—Real property valuation of two-story apartment building operated under
a federally subsidized rental program for seniors—Board of Tax Appeals
has discretion in admitting evidence, weighing it, and granting credibility
to testimony—Decision of Board of Tax Appeals based on property owner's
appraiser reasonable and lawful, when.*

(No. 97-357—Submitted August 27, 1997—Decided—February 11, 1998.)

APPEAL from the Board of Tax Appeals, No. 95-P-1052.

———————————

{¶ 1} Appellee, Westhaven, Inc. ("Westhaven"), filed a real property tax
valuation complaint, for tax year 1994, with the Wood County Board of Revision
("BOR"), seeking a reduction in true value from $985,000 to $720,000. At a
hearing before the BOR, appraiser Ronald P. Davis, testifying on behalf of
Westhaven, presented the appraisal report he prepared in support of his opinion that
the market value of the property was $600,000. The BOR rejected Davis's
appraisal and affirmed the auditor's valuation.

{¶ 2} The land portion of the property is a four-acre parcel located in North
Baltimore, Ohio. The two-story building located on the parcel contains thirty-four
576-square-foot one-bedroom units and eleven 400-square-foot efficiency units.
The apartment units are connected by interior hallways. The building contains a
senior center and a dining/recreation center. The building has a brick and aluminum
siding exterior, and contains one, two-stop elevator. The property is currently
operated under a federally subsidized rental program for senior housing.

**{¶ 3}** On appeal to the Board of Tax Appeals ("BTA'), Davis testified that the highest and best use of the improvements appears to be their present use as an apartment building. To determine market rental rates for his income approach to value, Davis reviewed rental rates of the other three apartment projects in North Baltimore. However, Davis employed only two of the North Baltimore projects in developing his data to determine market rents. He did not include the third project in his market rental data because it was a federally subsidized project. Because of the shortage of rental comparables in North Baltimore, Davis also reviewed apartment rents in Findlay, Ohio.

**{¶ 4}** After Davis surveyed market rents, he estimated a market rental rate of $250 per month for Westhaven's efficiency apartments and $325 per month for the one-bedroom apartments. In addition, Davis added a rental value of $200 per month for the senior center space. Using Westhaven's current income figures as a guide, Davis estimated $3,000 per year for miscellaneous income. Based on occupancy in the area, he used a five percent vacancy and credit allowance.

**{¶ 5}** Using his estimated rents and income figures, Davis arrived at an estimated gross market income for Westhaven of $162,600 per year. Davis projected expenses of $1,931 per unit or $86,931 total for the year. Using the band of investment method, with rates derived from market information, Davis used an overall capitalization rate of 10.94 percent, plus a tax additur of 1.74 percent, for a total capitalization rate of 12.68 percent. Capitalizing the net income at the 12.68 percent rate, Davis determined a final value based on the income approach of $596,759, which he rounded off to $600,000.

**{¶ 6}** Because there were no comparable sales in North Baltimore to use in his market data approach, Davis reviewed five sales from the surrounding area. Two of the sales were in Toledo, two in Defiance, and one in Van Wert. Davis adjusted the value of the comparables for location, age/condition, size, and quality/appeal. Although he indicated a category for an adjustment based on the

time of the sale, no adjustments were made even though the sales took place in the time period from 1990 to 1993. After making his adjustments, Davis arrived at a market value for Westhaven of $20 per square foot. Using that value per square foot, and a gross square footage of 33,900, Davis determined a value of $678,000.

{¶ 7} Davis did not prepare an estimate of value by the cost approach because he did not believe it reflected income-related considerations.

{¶ 8} Placing the major emphasis on the income approach, Davis's opinion of value for Westhaven, as of January 1, 1994, was $600,000.

{¶ 9} On cross-examination, Davis was questioned about his relationship with a third party, Doug Parabeck. Davis admitted that Parabeck paid him to prepare his appraisal for Westhaven and was paying him for his appearance before the BTA. He also admitted that in the past he had prepared approximately two hundred other appraisal reports for Parabeck. On redirect, Westhaven established that Parabeck had no interest in Davis's business and Davis had no interest in Parabeck's business.

{¶ 10} The auditor and the BOR presented no witnesses.

{¶ 11} Based upon Westhaven's evidence, the BTA found the true value of the real property to be $600,000.

{¶ 12} The cause is now before this court upon an appeal as a matter of right.

————————————

*Todd W. Sleggs & Associates, Todd W. Sleggs* and *Susan K. French-Scaggs,* for appellee.

*Teaford, Rich & Wheeler* and *James R. Gorry*, for appellants.

————————————

***Per Curiam.***

**{¶ 13}** Appellants' initial contention is that the BTA erred in accepting Davis's appraisal because he did not provide all the facts and figures necessary to back up his opinion of value. We disagree.

**{¶ 14}** Appellants cite as the legal basis for their contention *Rollman & Sons Co. v. Hamilton Cty. Bd. of Revision* (1955), 163 Ohio St. 363, 56 O.O. 337, 127 N.E.2d 1. The taxpayer's expert in *Rollman* contended that a twelve-story building used for department store purposes was totally inadequate as a department store because of lack of floor space, and that for department store purposes, floors above the third were economically unproductive. The expert's testimony of functional obsolescence was the only evidence on the subject. When asked to substantiate his contention, the expert failed to show any sales-loss ratio for merchandise sold on the upper floors. We affirmed the BTA's rejection of the expert's opinion, holding, "Where the only evidence as to functional depreciation is the opinion of the taxpayer's witness, which opinion the witness fails to substantiate with facts or figures, a decision of the Board of Tax Appeals that the taxpayer failed to sustain his burden of proof as to functional depreciation and excluding such depreciation in valuation for tax purposes is neither unreasonable nor unlawful." *Id.* at paragraph two of the syllabus.

**{¶ 15}** Appellants contend that Davis's appraisal was deficient in facts and figures. Among the deficiencies claimed by appellants are an inadequate highest-and-best use analysis, selection and use of inappropriate comparables, and adjustments to comparables that are not accurate.

**{¶ 16}** This case does not present a situation similar to *Rollman*. Here Davis did present data in support of his opinion of value. Appellants may not like the data used by Davis to arrive at his opinion of value, however, the BTA reviewed Davis's appraisal in light of the deficiencies claimed by appellants and stated, "[T]he comparability of properties or the appropriateness of expense items are matters we

must carefully weigh when we consider the record as a whole." Having weighed the evidence, the BTA did not find "any infirmity so serious that it would cause us to reject Westhaven's evidence in its entirety and exclude it from consideration." The BTA found that Westhaven had "met its duty to submit competent and probative evidence of value."

**{¶ 17}** This court is neither a super Board of Tax Appeals nor a trier of fact *de novo*. *Youngstown Sheet & Tube Co. v. Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St.2d 398, 400, 20 O.O.3d 349, 351, 422 N.E.2d 846, 848. The BTA has discretion in admitting evidence, weighing it, and granting credibility to testimony. *Orange City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1996), 74 Ohio St.3d 415, 416, 659 N.E.2d 1223, 1224. This weighing of evidence and granting credibility are exactly the BTA's statutory job. *Fawn Lake Apts. v. Cuyahoga Cty. Bd. of Revision* (1996), 75 Ohio St.3d 601, 603, 665 N.E.2d 194, 196. The BTA performed its duty in this case and found Davis to be a credible witness and the evidence to be competent and probative.

**{¶ 18}** Appellants also contend that the BTA erred in accepting Davis's appraisal. Appellants contend that the BTA accepted Davis's appraisal because they failed to present independent appraisal evidence. We disagree.

**{¶ 19}** While the BTA did comment on appellants' failure to rebut Westhaven's evidence, the lack of rebuttal evidence by the auditor and BOR was not the basis for the BTA's finding of value. The evidence presented by Westhaven was reviewed by the BTA and found to be competent and probative. Based on that evidence, the BTA found that Westhaven had proven its right to a reduction in value.

**{¶ 20}** Where the county auditor and the board of revision are appellees before the BTA, they are not required to present any evidence. In *Western Industries, Inc. v. Hamilton Cty. Bd. of Revision* (1960), 170 Ohio St. 340, 342, 10 O.O.2d 427, 164 N.E.2d 741, 743, where the taxpayer was the appellant before the

BTA, we stated, "The burden is on the taxpayer to prove his right to a deduction. He is not entitled to the deduction claimed merely because no evidence is adduced contra his claim." The appellant seeking an increase or decrease in value before the BTA bears the burden of persuasion. *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (1997), 78 Ohio St.3d 325, 677 N.E.2d 1197.

{¶ 21} At the conclusion of Westhaven's case before the BTA, the auditor and the BOR, as appellees before the BTA, had two choices: (1) they could have presented evidence to rebut that presented by Westhaven , or (2) they could have presented no evidence and relied on their cross-examination of Westhaven's appraiser to have discredited him or his appraisal.

{¶ 22} The BTA need not adopt any expert's valuation, and has wide discretion in granting weight to evidence and credibility to witnesses; it may find all or part or none of the testimony and evidence presented by either party to be credible and probative. *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 201, 527 N.E.2d 874, 877; *Witt Co. v. Hamilton Cty. Bd. of Revision* (1991), 61 Ohio St.3d 155,157, 573 N.E.2d 661, 663. If the appellee before the BTA in a valuation case does not present any evidence to rebut appellant's evidence, the appellee takes the chance that the BTA may, as in this case, find the valuation evidence presented by the appellant to be competent and probative, and adopt it as the true value. On the other hand, the appellee may present evidence and the BTA may or may not find that evidence to be credible and probative in rebutting the appellant's evidence.

{¶ 23} The appellants' final contention is that the BTA erred in accepting Davis's appraisal, since he was being paid by a third party. We disagree.

{¶ 24} The facts of this case presented the BTA with a question of Davis's credibility in light of the payment for his services by a third party. The BTA considered the question and found, "The uncontroverted testimony taken under oath proclaims that this appraiser has no interest in the business of the tax

consultant, and the tax consultant has no interest in the business of the appraiser. Moreover, the evidence shows the appraiser's fee was not contingent." The BTA further stated "that an appraiser's credibility is determined on a case-by-case basis after a thorough and comprehensive review of the evidence presented."

{¶ 25} In *Natl. Church Residence v. Licking Cty. Bd. of Revision* (1995), 73 Ohio St.3d 397, 653 N.E.2d 240, we stated that we will not reverse the BTA's determination on credibility of witnesses and weight given to their testimony unless we find an abuse of discretion. We do not find that the BTA abused its discretion in this case in granting credibility to Davis's testimony.

{¶ 26} For the reasons set forth in this opinion, we find the BTA's decision to be reasonable and lawful and affirm it.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____