GAHANNA–JEFFERSON PUBLIC SCHOOLS BOARD OF EDUCATION, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES.

DUBLIN CITY SCHOOLS BOARD OF EDUCATION, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Gahanna–Jefferson Pub. Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision* (2000), 89 Ohio St.3d 450.]

(Nos. 99–1582 and 99–1583—Submitted July 6, 2000—Decided August 16, 2000.)

*Teaford, Rich, Crites & Wesp, Jeffrey A. Rich* and *James R. Gorry,* for appellant in case Nos. 99–1582 and 99–1583.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, and *Matthew H. Chafin,* Assistant Prosecuting Attorney, for appellees Franklin County Board of Revision and Franklin County Auditor in case Nos. 99–1582 and 99–1583.

*Fred Siegel Co., L.P.A.,* and *Annrita S. Johnson,* for appellee Associated Estates Realty Corporation in case Nos. 99–1582 and 99–1583.

---

**Per Curiam.** These cases were consolidated for hearing and *sua sponte* are consolidated for decision.

The essence of the BOE's appeal in both cases is that the transactions in question should be considered as a sale of real property for valuation purposes. We disagree.

We must first determine what was sold by Wren and Newkam or the partners thereof and purchased by Associated. There is no evidence in either of these cases that either partnership sold real property to Associated separate from the

partnership interests. If the partnership, as distinguished from the partners, sold real property to Associated, there should be evidence of a deed transferring title from the partnership to Associated for a consideration; however, no such evidence is in the record.

Looking in more detail at case No. 99–1582, the Settlement Statement introduced into evidence by the BOE states the name of the sellers as the "Partners of Christopher Wren Apartments Limited Partnership." Any notion that Associated paid consideration for the transfer of the real property title to the Wren property is nullified by the affidavit attached to the application for exemption from the conveyance fee. The affidavit states that the real property is being distributed to Associated as the sole remaining partner of the Wren partnership and that "[n]o cash or other consideration will be paid upon the transfer." To be the sole remaining partner of Wren, Associated had to have purchased the Wren partnership interest, as opposed to the real property. Thus, if there was a sale it was the sale of the Wren partnership interests to Associated not the sale of real property. There is no evidence of any transfer of a deed for the real property for a consideration from Wren to Associated in the record.

Next, the exemption application in case No. 99–1583 for the Heathermoor property contains a statement that the transfer is from a subsidiary to a parent "for no consideration, nominal consideration, or in sole consideration of the cancellation or surrender of the subsidiary's stock." The grantor of the deed is identified as Heathermoor, Inc. There is one or more missing steps in the chain of title. The Settlement Statement used in the Newkam transaction identifies the seller as the Newkam partnership and the buyer as Associated, but there is no evidence of any real property transferred by deed from Newkam to Associated. The deed in the record for which the application for exemption was filed shows a transfer from Heathermoor, Inc. to Associated. However, there is nothing in the record to indicate from whom Heathermoor, Inc. received its title, or if it paid any consideration for the transfer. Here, again, if there was a transfer of real property by deed for a consideration from Newkam to Associated, there is no evidence of such transfer in the record.

Any sale of a partnership interest between the Wren or Newkam partnerships and Associated was the sale of personal property. R.C. 1782.39 defines an interest in a limited partnership as personal property. Likewise, R.C. 1775.25 defines an interest in a general partnership as personal property. Therefore, if Associated purchased a partnership interest in either the Wren limited or Newkam general partnership, its purchase was the purchase of personal property.

Because the sale of the partnership interests would be the sale of personal property, not real property, R.C. 5713.03 would not be, as contended by the BOE,

applicable to the sale. R.C. 5713.03 is only applicable "[i]n determining the true value of * * * *real estate* * * [that] has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time." (Emphasis added.) There is no evidence in either case of a sale of real property for a consideration.

In a similar case, *Salem Med. Arts & Dev. Corp. v. Columbiana Cty. Bd. of Revision* (1998), 82 Ohio St.3d 193, 195, 694 N.E.2d 1324, 1326–1327, this court considered the sale of the stock of a corporation whose only asset was real property. The contention made by Salem was that since the property was the corporation's only asset, the purchase of all the stock was the functional equivalent of a purchase on the open market of the real estate itself, thereby establishing the property's value. We rejected Salem's contention, holding that the sale price of all the shares of the stock of a company does not establish the value of the company's real property. The opinion set forth that other evidence such as an appraisal or expert accounting testimony would be necessary to prove the value of the real property separate from the value of the company itself.

Under *Salem* the sale of the partnership interests here did not determine the value of the real estate owned by the partnership. However, as we declared in *Salem,* other evidence can be used to prove the value of the real property separate from the partnership interests.

As the appellant before the BTA, the BOE had the burden to present evidence to prove that the true value that it asserted for the real property was correct. *Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1994), 68 Ohio St.3d 336, 337, 626 N.E.2d 933, 934. The property owner and the county, as appellees, were not required to present any evidence. *Westhaven, Inc. v. Wood Cty. Bd. of Revision* (1998), 81 Ohio St.3d 67, 70, 689 N.E.2d 38, 41.

In this case no appraisal or expert accounting testimony was presented to establish the value of the real property separate from the value of the partnership itself. And in addition, there is no evidence in the record to show that there was any transfer of real property for a consideration. The BOE did not present evidence of value for the real property.

Accordingly, we find that the decisions of the BTA in case Nos. 99–1582 and 99–1583 are reasonable and lawful, and they are affirmed.

> *Decision in case No. 99–1582*
> *affirmed.*
> *Decision in case No. 99–1583*
> *affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.