POLARIS AMPHITHEATER CONCERTS, INC., APPELLANT, v. DELAWARE COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Polaris Amphitheater Concerts, Inc. v. Delaware Cty. Bd. of Revision,* 118 Ohio St.3d 330, 2008-Ohio-2454.]

(No. 2007–0347—Submitted January 23, 2008—Decided May 29, 2008.)

---

Pfeifer, J.

{¶ 1} Throughout the relevant period, Polaris Amphitheater Concerts, Inc. ("Polaris") owned the five parcels at issue in this case, and those parcels collectively constituted the Germain Amphitheater, which was a venue for popular music concerts located in the city of Columbus and the Olentangy Local School District. Polaris challenged the auditor's valuation of the parcels for tax year 2003. The primary focus of the challenge, both before the Delaware County

Board of Revision ("BOR") and the Board of Tax Appeals ("BTA"), lay in Polaris's contention that the structures on the parcels did not constitute real property, but personal property. If successful, this contention would have drastically reduced the assessed value of the property by eliminating that portion of the value associated with the improvements. Ultimately, however, both the BOR and the BTA rejected Polaris's attempt to recharacterize the improvements as personal property.

{¶ 2} On appeal to this court, Polaris does not take issue with the inclusion of the improvements in the real property tax base. Instead, Polaris targets its appeal to the specific amount of value that the BTA allocated to the land as opposed to the improvements. Polaris asserts that both its own appraisal and that presented by the Board of Education of the Olentangy Local Schools ("BOE") show that the land had a much lower value than what the BTA found. Because this appraisal evidence was the only evidence of land value in the record, Polaris argues that the BTA's finding of land value is not supported by probative evidence and should be reversed.

{¶ 3} Polaris seeks to consider the land value in isolation from the value that the BTA allocated to the improvements. By seeking reduction of the land value, and by not challenging the value allocated to the improvements, Polaris asks for an overall reduction in total value. Indeed, Polaris's notice of appeal and its brief seek a reduction in total value equal to the amount by which the land value is allegedly overstated.

{¶ 4} The BOE opposes this request on two main grounds. First, the BOE asserts as a jurisdictional matter that the total value of the property, both land and improvements, is always at issue in a valuation case and that Polaris cannot prevail because it has not contested the finding of the total value for the property. Second, the BOE contends that in this particular case, any error in the value assigned to the land is merely an error in allocating value between land and improvements, not an error in determining the total value of the property.

{¶ 5} We reject the BOE's first argument. The BOE relies on R.C. 5715.19(A), which relates to the jurisdiction of the boards of revision and, derivatively, of the BTA. R.C. 5715.19(A) does not define the jurisdiction of this court once a BTA decision has been appealed. This court's jurisdiction is governed by R.C. 5717.04, which requires that a notice of appeal "set forth * * * the errors therein complained of" in the BTA's decision. We have repeatedly held that the assignments of error set forth in the notice of appeal define the scope of our jurisdiction to grant relief to an appellant. See *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007–Ohio–1948, 865 N.E.2d 22 ("*Dayton*"), ¶ 32, citing *Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1994), 68 Ohio St.3d 336, 337, 626 N.E.2d 933, citing *Columbus*

*Bd. of Edn. v. J.C. Penney Properties, Inc.* (1984), 11 Ohio St.3d 203, 204–205, 11 OBR 521, 465 N.E.2d 48.

{¶ 6} Our unanimous decision last year in *Dayton* illustrates the point. In that case, the Dayton–Montgomery County Port Authority appealed the BTA's determination of the value of its new office building in downtown Dayton. The Port Authority contended that the actual-cost figures it presented to the board of revision constituted a more accurate valuation of its building than the figures used by the auditor. Neither the Port Authority nor any other party had appealed the BTA's determination of the valuation of the underlying land.

{¶ 7} The BTA had found the value of the land to be $133,290, though the parties agreed that it should have been $316,620. "The reduction of this figure to $133,290 appear[ed] to be clear error on the part of both the board of revision and the BTA." *Dayton*, 113 Ohio St.3d 281, 2007–Ohio–1948, 865 N.E.2d 22, ¶ 31. Although the port authority had expressed at oral argument its willingness to stipulate to the higher land value, we held that we had no jurisdiction to correct the error in the land valuation because it was not the subject of an assignment of error in a properly filed notice of appeal:

{¶ 8} "In spite of the agreement of the parties, however, we have no jurisdiction to effect a change of the land value from the value that the BTA found. Our revisory jurisdiction over BTA decisions depends upon compliance with the statute, R.C. 5717.04, which requires that the appellant set forth in the notice of appeal the errors complained of in the BTA decision. Failure to so specify deprives the court of jurisdiction to grant a party relief on that ground. See *Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1994), 68 Ohio St.3d 336, 337, 626 N.E.2d 933, citing *Columbus Bd. of Edn. v. J.C. Penney Properties, Inc.* (1984), 11 Ohio St.3d 203, 204–205, 11 OBR 521, 465 N.E.2d 48.

{¶ 9} " * * * To preserve the question properly, either party aggrieved by the BTA's land valuation—the auditor or the board of education—should have filed its own appeal and specified the error. * * * Since that did not occur, we have no jurisdiction to correct the land valuation, and it follows that on remand the BTA likewise has no authority to depart from its previous finding that the land should be valued at $133,290." *Dayton*, 113 Ohio St.3d 281, 2007–Ohio–1948, 865 N.E.2d 22, ¶ 32–33.

{¶ 10} Thus, *Dayton* makes clear that an appeal from the BTA's determination of the value of real property does not *necessarily* place both the land and the building values at issue. Consistent with *Dayton*, we hold that Polaris acted within its rights as a litigant to file a notice of appeal that challenged only the land valuation as a method of reducing the total valuation of the property.

{¶ 11} The BOE's second argument invites the court to exceed its jurisdiction and must therefore be rejected as well. The BOE identifies as the "only

apparent issue" the question of "how certain values are to be allocated between the land value and the improvement value," with the result that "[i]f a reduction in the value of [Polaris's] land is in order, then a corresponding increase in the value of the improvements would be proper." In other words, the BOE asserts a defense against the appeal by asserting that, *even if the allocation is wrong,* the total "true value" found by the BTA would still be correct, and the resulting taxes Polaris owes would not change.

{¶ 12} Polaris responds by relying on *Dayton,* 113 Ohio St.3d 281, 2007–Ohio–1948, 865 N.E.2d 22, ¶ 33. Polaris argues that the BOE may not defend this appeal by arguing that any error in valuing the land is offset by an error in valuing the improvements. To do so, Polaris contends, the BOE would have had to file a cross-appeal. We agree.

{¶ 13} Our authority to review decisions issued by the BTA emanates from Section 2(B)(2)(d), Article IV of the Ohio Constitution, which states that this court's appellate jurisdiction encompasses "[s]uch revisory jurisdiction of the proceedings of administrative officers or agencies *as may be conferred by law.*" (Emphasis added.) The General Assembly conferred such appellate power on this court through R.C. 5717.04, and that statute strictly defines our authority to correct alleged errors committed by the BTA. As we have already observed, R.C. 5717.04 requires parties who seek review of a BTA decision to "set forth * * * the errors therein complained of," and that mandate limits the scope of our appellate jurisdiction. If the BOE wanted to invoke our jurisdiction to consider whether the BTA erred by assigning too little value to the improvements, then it had to file a cross-appeal setting forth that error pursuant to R.C. 5717.04.

{¶ 14} The BOE suggests that it may advance its "mere misallocation" argument as an alternative ground for affirming the BTA's decision in this case. That suggestion is incorrect. Our cases do not permit us to rectify an alleged error of the BTA unless that error was set forth in a proper notice of appeal, even if the alleged error aggrieved the party only because of the success of another party's appeal. For example, in *Christian Church of Ohio v. Limbach* (1990), 53 Ohio St.3d 270, 560 N.E.2d 199, the BTA granted a tax exemption under R.C. 5709.07 and did not reach the property owner's additional claim of exemption under R.C. 5709.12. On appeal, we reversed the grant of exemption and further held that we had no jurisdiction to consider the additional claim of exemption because the owner had not filed a cross-appeal. Id. at 271, 560 N.E.2d 199, fn. 1. Similarly, in *Lenart v. Lindley* (1980), 61 Ohio St.2d 110, 15 O.O.3d 152, 399 N.E.2d 1222, the Tax Commissioner appealed a BTA decision that reversed an assessment that he had issued against a corporate officer. The corporate officer asserted "a number of alternative grounds upon which this court could affirm the BTA in the event that appellant's challenge is well taken," but

the court found that it had no jurisdiction over such arguments. Id. at 115, 15 O.O.3d 152, 399 N.E.2d 1222, fn. 1. Indeed, R.C. 5717.04 expressly affords litigants in BTA cases the opportunity to preserve issues by filing a cross-appeal: when one party to a BTA case files an appeal from the BTA's decision, the other parties have at least ten days to file a cross-appeal. R.C. 5717.04.

{¶ 15} In *Dayton*, 113 Ohio St.3d 281, 2007–Ohio–1948, 865 N.E.2d 22, ¶ 33, we relied on both *Christian Church* and *Lenart* in support of our holding. Today, we again rely on those cases as we decline to exercise jurisdiction over the BOE's argument that the challenge raised by Polaris involves a mere misallocation of value between land and improvements.

{¶ 16} We now turn to Polaris's central contention: that the land value found by the BTA is not supported by the record. We agree that it is not. The BTA found that the auditor's total valuation at $20,734,000 was supported by the BOE's appraisal, which had set a total value of $21,000,000. Next, the BTA adopted the auditor's determination that the land was worth $13,799,100. Both appraisals controvert that determination. Polaris's appraisal expert determined a land value of $7,200,000, but perhaps more important, the BOE's own appraisal expert had fixed the value of the land at $8,600,000.

{¶ 17} Although the BTA's finding of total value was supported by the BOE's appraisal, its allocation of value to land was not. The allocation of value between land and improvements does not constitute an arbitrary exercise; it relates to the basic method by which county auditors determine value. The Tax Commissioner's administrative rules direct the county auditors to arrive at total value by separately valuing the land and improvements. See Ohio Adm.Code 5703–25–07(B). The commissioner also prescribes two different rules for land valuation and the valuation of improvements. Ohio Adm.Code 5703–25–07(C), 5703–25–11, and 5703–25–12.

{¶ 18} When we review BTA decisions, we determine whether the decision is "reasonable and lawful." *Shiloh Automotive, Inc. v. Levin*, 117 Ohio St.3d 4, 2008–Ohio–68, 881 N.E.2d 227, ¶ 15. Under this standard, we will affirm the BTA's determinations of fact if the record contains reliable and probative evidence to support the BTA's findings. Id. But we will reverse if the record does not support, or if it contradicts, the BTA's findings. *Dayton*, 113 Ohio St.3d 281, 2007–Ohio–1948, 865 N.E.2d 22, ¶ 14, 27–28. Because the record in this case contains no support for, and indeed contradicts, the BTA's finding of land value, we must reverse it. As in *Dayton*, we remand for additional factual determination based upon the evidence in the record.

{¶ 19} As we have already established, the BOE's failure to file a cross-appeal limits our jurisdiction on appeal. By the same token, the absence of a cross-appeal limits the BTA's jurisdiction on remand. On remand, the BTA has

jurisdiction to redetermine the value of the land. In redetermining the land value, the BTA shall, among other things, address the parties' dispute concerning the value of one parcel that Polaris alleges was not zoned for commercial use and that had been the subject of a recent sale. However, the BTA on remand has no jurisdiction to disturb its previous determination of the value of the improvements.

Decision reversed<br>and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

LUNDBERG STRATTON, J., concurring.

{¶ 20} While I concur in the majority opinion because the statute and our case law dictate that result, I write to alert all unsuspecting parties that a cross-appeal will be necessary due to recent tax law changes in order to preserve the issue of the value of property as a whole. R.C. 5717.04 requires that a party seeking to appeal a decision of the Board of Tax Appeals ("BTA") to this court must "set forth * * * the errors * * * complained of" in the BTA's decision. Ordinarily, this mandate is standard practice, but in this case, it leads to a decidedly odd consequence: as the majority describes, the statute permits the property owner to appeal from the determination of the value of the land while leaving the BTA's determination of the value of the improvements beyond the jurisdiction of the court. That is true even though the BTA determined the value of the land in close conjunction with determining the value of the improvements.

{¶ 21} In most situations, a party that perceives an error in a lower court's decision but is not aggrieved by the outcome of that decision need not file a cross-appeal in order to preserve the right to raise the claimed error. Instead of appealing, that party raises the issue in the course of defending against the other party's appeal. But R.C. 5717.04 and the cases in which we have applied that statute do not permit that procedure here.

{¶ 22} Although I agree with the majority's disposition of this issue, I write separately to note that this situation is likely to recur and that litigants who have prevailed before the BTA need to consider carefully whether they ought to file a protective cross-appeal when an opponent appeals the BTA's decision to this court. In this case, the property owner contended that the improvements constituted personal property pursuant to this court's decision in *Funtime, Inc. v. Wilkins*, 105 Ohio St.3d 74, 2004-Ohio-6890, 822 N.E.2d 781. As a result, the improvements were not, under the owner's theory, subject to the real property tax at all. The BTA ruled against the owner's position on that issue and then

determined the value of the land and improvements based on the evidence presented. When the owner assigned error only as to the valuation of the land in its notice of appeal, and when neither the board of education nor the county auditor cross-appealed the value assigned to the improvements, the owner placed the land-value at issue while foreclosing a comprehensive valuation of the property. Such a procedural situation does not serve the ultimate interest in arriving at a proper total value for the property.

{¶ 23} The situation presented here is likely to recur because in 2005, the General Assembly enacted tax reform measures that phased out the ad valorem tax that Ohio had traditionally levied on personal property used in business. It is now obvious that owners will seek, where possible, to characterize property as personal property rather than as realty in order to avoid taxation of that property. Litigants in such cases need to be alerted to the need to file protective cross-appeals whenever the preservation of the result they desire calls for the correction of a BTA error. Doing so will ensure that property is properly valued, a result that serves all taxpayers.

{¶ 24} I concur.

--------

Sleggs, Danziger & Gill Co., L.P.A., and Todd W. Sleggs, for appellant.

Rich, Crites & Dittmer, L.L.C., Jeffrey A. Rich, and Mark H. Gillis, for appellee Board of Education of Olentangy Local Schools.

David Yost, Delaware County Prosecuting Attorney, and Christopher Betts, Assistant Prosecuting Attorney, for appellees Delaware County Board of Revision and County Auditor.