[Cite as *Wheeler v. Testa*, 2015-Ohio-188.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| | | |
|---|---|---|
| Teddy L. Wheeler, In His Official Capacity as Auditor of Pike County, Ohio, (et al.), | : : : : | |
| Appellant(s)-Appellants, | : : | Case No. 14CA853 |
| v. | : : : | |
| Joseph W. Testa, Tax Commissioner of Ohio, (et al.), | : : : | DECISION AND JUDGMENT ENTRY |
| Appellee(s)-Appellees. | : : | **RELEASED: 1/16/2015** |

_____

APPEARANCES:

Kevin L. Shoemaker, Dublin, Ohio, and William Posey, Keating, Muething & Klekamp, PLL, Cincinnati, Ohio as Special Counsel to Robert Junk, Pike County Prosecuting Attorney for Appellant Teddy L. Wheeler, in his capacity as Pike County Auditor.

Michael DeWine, Attorney General of Ohio, Melissa W. Baldwin and Daniel W. Fausey, Assistant Attorney General, Columbus, Ohio, for Appellee Joseph W. Testa, Tax Commissioner of Ohio.

Robert E. Tait, Hilary J. Houston, and Steven L. Smiseck, Vorys, Sater, Seymour, and Pease LLP, Columbus, Ohio for Appellee Martin Marietta Energy Systems, Inc. a/k/a Lockheed Martin Energy Systems, Inc.

_____

HOOVER, P.J.

{¶1}     Appellant Teddy L. Wheeler, in his official capacity as the Auditor of Pike County, Ohio, filed an appeal in this court from a decision and order of the Ohio Board of Tax Appeals pursuant to R.C. 5717.04, which gives concurrent appellate jurisdiction to the Supreme Court of Ohio and the Court of Appeals for Pike County.  Appellee

Martin Marietta Energy Systems, Inc. a/k/a Lockheed Martin Energy Systems, Inc.

("LMES") filed a motion to dismiss the appeal on the grounds that LMES had filed an

appeal from the decision and order in the Supreme Court of Ohio before Wheeler had

filed his appeal in our court.  Wheeler opposed the motion to dismiss and also filed a

motion for a stay of his appeal in our court. Because we find that the jurisdiction of the

Supreme Court of Ohio was properly invoked first, we are without jurisdiction to

consider this appeal. Appellee's motion to dismiss is **GRANTED** and this appeal is

**DISMISSED.**  All other pending motions are **DENIED** as **MOOT**.

I.

{¶2}    Wheeler, as auditor of Pike County, Ohio issued a personal property tax

assessment against LMES. The Tax Commissioner of Ohio cancelled the assessment

and Wheeler appealed to the Board of Tax Appeals.   The Board of Tax Appeals

affirmed the decision of the Tax Commissioner, finding that the Tax Commissioner had

appropriately cancelled the tax assessment at issue:

> As such, we have determined that the commissioner appropriately
> cancelled the assessment in question. Accordingly, based upon our
> conclusions, we need not address any other contentions raised by the
> parties hereto. The final determination of the commissioner is hereby
> affirmed.

*Wheeler v. Testa,* BTA No. 2012-2043 at 4 (August 7, 2014).

{¶3}    LMES filed a notice of appeal in the Supreme Court of Ohio and the Board

of Tax Appeals in accordance with R.C. 5717.04 the following day, August 8, 2014. In

its notice of appeal, LMES does not contest the ultimate decision affirming the Tax

Commissioner's cancellation of the tax assessment.  However, LMES identifies multiple

errors in the decision, including the Board's failure to address LMES's claims concerning bad faith and frivolous conduct, the Board's failure to order the reimbursement of LMES's attorney fees and expenses, and its failure to make certain findings or address certain legal arguments raised by LMES.  On September 5, 2014, Wheeler filed both a cross appeal in the Supreme Court of Ohio and a notice of appeal in the Court of Appeals for Pike County in which he identified multiple errors in the decision.

{¶4}   LMES filed a motion to dismiss this appeal on the grounds that the appeal was filed first in the Supreme Court of Ohio and that Court has exclusive jurisdiction of the appeal.

II.

{¶5}   The relevant provisions of R.C. 5717.04 state:

*The proceeding to obtain a* reversal, vacation, or *modification of a decision of the board of tax appeals* shall be by appeal to the supreme court or the court of appeals for the county in which the property taxed is situate or in which the taxpayer resides.   *     *     *

Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten days of the date on which the first notice of appeal was filed or within the time otherwise prescribed in this section, whichever is later. A notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of. Proof of the filing of such notice with the board shall be filed with the court to which the appeal is being taken. *The court in which notice of appeal is first filed shall have exclusive jurisdiction of the appeal.*

(Emphasis added.) R.C. 5717.04.

**{¶6}** LMES filed its notice of appeal in the Supreme Court of Ohio on August 8, 2014. LMES's notice complied with the provisions of R.C. 5717.04: it was timely, it was also filed with the Board, it set forth the decision and the errors complained of, and it included proof of the filing of the notice with the Board. LMES's notice seeks a modification of the decision, specifically seeking determinations of contentions that the Board decided not to address. Because LMES first filed its timely and proper notice of appeal in the Supreme Court of Ohio, the Supreme Court of Ohio has exclusive jurisdiction of the appeal.

**{¶7}** Wheeler argues that LMES's notice of appeal is improper because LMES does not have standing to appeal the decision. Wheeler argues that the cancellation of the assessment is a "total victory" for LMES. As a result, LMES was not aggrieved by the decision and cannot challenge any portion of it. Because LMES did not have standing to appeal, Wheeler argues that the Supreme Court of Ohio's jurisdiction was never properly invoked. He argues that his notice of appeal filed in the Court of Appeals for Pike County was the first properly filed notice of appeal and we have exclusive jurisdiction over the appeal.

**{¶8}** Neither the case law nor the statute supports Wheeler's argument. The statutory provisions of R.C. 5717.04 expressly allow a party to seek a modification of the Board's decision. LMES is seeking a modification of the decision, asserting that certain contentions it raised were not properly addressed by the Board.

**{¶9}** Additionally, the Supreme Court of Ohio has ruled that for a party to have standing to appeal an *issue*, that party must be aggrieved by that *error*. The focus is

not on whether a party was aggrieved by the decision as a whole, but whether a party was aggrieved by a particular issue or finding within the decision. *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision,* 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 33 ("the Port Authority is arguably not a proper party to assert that issue in its appeal, since it was benefited, not aggrieved, by that error"). *Equity Dublin Associates v. Testa*, ___ Ohio St.3d ___, 2014-Ohio-5243, ___ N.E.2d___, ¶23 (December 2, 2014)("The BTA determined that that exemption [R.C. 3354.15] did not apply, and the BOE and the tax commissioner—who opposed exemption of the property on any basis [R.C. 3354.15, R.C. 3358.10, or R.C. 5709.07(A)(4)]—were not aggrieved by that finding. As a result, they have no standing to appeal it.").

**{¶10}** LMES's situation is like that of the taxpayer in *Christian Church of Ohio v. Limbach*, 53 Ohio St.3d 270, 560 N.E.2d 199 (1990). There, a taxpayer who claimed entitlement to a tax exemption under two alternative statutes received a favorable decision from the Board of Tax Appeals.  The Board granted the exemption under one of the statutes, R.C. 5709.07, but "it did not pass upon the issue of exemption under R.C. 5709.12." *Id.* Because the taxpayer did not appeal the Board's failure to address its alternative contention that it was entitled to an exemption under R.C. 5709.12, the Supreme Court of Ohio held that it lacked jurisdiction to decide that issue. *Id.* at fn. 1. Thus, a party who receives a favorable overall decision from the Board of Tax Appeals, nevertheless has standing to appeal the Board's decision not to address alternative legal theories and must appeal those alleged errors. Otherwise, review of those issues is waived.

III.

**{¶11}**  We find that LMES properly and timely first filed a notice of appeal in the Supreme Court of Ohio, thereby invoking that Court's exclusive jurisdiction. Wheeler's argument that LMES lacks standing to appeal and therefore failed to invoke the Supreme Court of Ohio's jurisdiction is meritless.  As a result, we have no jurisdiction to hear this matter. LMES's motion to dismiss is hereby **GRANTED**. This appeal is **DISMISSED**. All other pending motions are hereby **DENIED** as **MOOT**.  **IT IS SO ORDERED.** The clerk shall serve a copy of this entry on all counsel of record at their last known addresses by ordinary mail.

Harsha, J. & Abele, J.:  Concur.

**FOR THE COURT**

_____
Marie Hoover
Presiding Judge