CINCINNATI SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT,
*v.* HAMILTON COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Cincinnati Bd. of Edn. v. Hamilton Cty.
Bd. of Revision* (1997), 78 Ohio St.3d 325.]

(No. 96–934—Submitted October 31, 1996—Decided April 30, 1997.)

*Wood & Lamping* and *David C. DiMuzio,* for appellant.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Thomas J. Scheve,* Assistant Prosecuting Attorney, for appellee Hamilton County Auditor.

*Keating, Muething & Klekamp* and *Joseph L. Trauth, Jr.*, for appellee Gwynne Building Partners.

---

*Per Curiam.* The auditor did not file a notice of appeal, but in his brief as appellee he argues for reversal of the BTA's decision. *Sua sponte*, the court strikes the auditor's brief.

The gist of the BOE's first contention is that the rebuttable presumption that sale price reflects true value arises in a valuation case only after proof that that sale was an arm's-length sale. We disagree with the BOE's contention.

In prior decisions we have recognized a rebuttable presumption that the sale price reflects the true value of property. The first mention of this presumption was made by Justice Wright, writing for the majority in *Ratner v. Stark Cty. Bd. of Revision* (1986), 23 Ohio St.3d 59, 61, 23 OBR 192, 193, 491 N.E.2d 680, 682. In *Walters v. Knox Cty. Bd. of Revision* (1989), 47 Ohio St.3d 23, 24, 546 N.E.2d 932, 932, Justice Wright, again writing for the majority, quoting *Ratner*, stated: "[W]e do accept the ' * * * presumption* that the sale price reflect[s] true value.'" (Emphasis *sic*.) Recently, in *Lakeside Ave. L.P. v. Cuyahoga Cty. Bd. of Revision* (1996), 75 Ohio St.3d 540, 544, 664 N.E.2d 913, 916, which was decided after the BTA issued its decision in this matter, Justice Douglas, in the majority opinion, acknowledged that "the *Ratner* majority recognized that there exists a rebuttable *presumption* that the sale price reflects true value." (Emphasis *sic*.) Thus, going into the hearing before the BTA, the rebuttable presumption that sale price reflects true value was present in favor of Gwynne. However, the burden of persuasion before the BTA was on the BOE, as the appellant. Part of the BOE's burden was to present evidence to rebut the presumption that sale price reflects true value.

By recognizing the rebuttable presumption that the sale price reflects true value, we, consequently, have recognized that a rebuttable presumption exists that the sale has met all the requirements that characterize true value. One of the requirements of a sale that reflects true value is that the sale was made at arm's length. *Conalco v. Monroe Cty. Bd. of Revision* (1977), 50 Ohio St.2d 129, 4 O.O.3d 309, 363 N.E.2d 722. In *Walters* we stated that "an arm's-length sale is characterized by these elements: it is voluntary, *i.e.*, without compulsion or duress; it generally takes place in an open market; and the parties act in their own self interest." *Id.*, 47 Ohio St.3d at 25, 546 N.E.2d at 935.

In this case the BOE, as the appellant at the BTA, disputed that the sale was an arm's-length transaction. At the hearing before the BTA, however, the BOE presented no witnesses on its behalf that might have disputed the sale. McDaniel, the auditor's witness, was the only witness contesting Gwynne's position, and

as the BTA stated, her "comments came from persons who had no information about the sale."

If evidence had been introduced by the BOE, or others, which had shown that the sale was not an arm's-length transaction, the rebuttable presumption that sale price reflects true value either would never have arisen or it would have disappeared. In *Ayers v. Woodard* (1957), 166 Ohio St. 138, 1 O.O.2d 377, 140 N.E.2d 401, we held in paragraph three of the syllabus:

"A presumption is a procedural device which is resorted to only in the absence of evidence by the party in whose favor a presumption would otherwise operate; and where a litigant introduces evidence tending to prove a fact, either directly or by inference, which for procedural purposes would be presumed in the absence of such evidence, the presumption never arises * * *."

The concept of the burden of proof involved with a presumption is succinctly set forth in Evid. R. 301, which provides: "[A] presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast."

The BOE cited *Tanson Holdings, Inc. v. Darke Cty. Bd. of Revision* (1996), 74 Ohio St.3d 687, 660 N.E.2d 1216, as authority for its contention that the rebuttable presumption that sale price reflects true value cannot be used until the proponent of the presumption has established that the sale was conducted at arm's length. The BOE misunderstands *Tanson*. Tanson, as the appellant, contended that the sale price reflected true value. As the appellant seeking a reduction in value, Tanson had the burden of persuasion. The evidence in *Tanson* raised the issue of whether the sale was an arm's-length sale. Once evidence was presented that raised this issue, the presumption that sale price reflects true value disappeared, and the burden was on Tanson to show that the sale was an arm's-length sale. After reviewing the evidence, the BTA found that the transfer did not exhibit "the indices of a market sale." *Id.* at 689, 660 N.E.2d at 1218. Thus, *Tanson* does not support the BOE's contention.

Second, the BOE contends that the BTA failed to shift the burden of proof to Gwynne after the auditor presented his appraisal evidence of true value. It is the BOE's contention that once the auditor presented his appraisal evidence, the burden shifted to Gwynne to prove its case. We disagree.

In *Ratner, supra*, we held in the syllabus: "A review of independent appraisals based upon factors other than the sale price is appropriate where it is shown that the sale price does not reflect true value." The burden of persuasion at the BTA was always on the BOE, as appellant, to prove its right to an increase in value. See *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 527

N.E.2d 874, and *Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1994), 68 Ohio St.3d 336, 626 N.E.2d 933. To prove its right to an increase in value the BOE had to prove two points. First, the BOE had to prove that the sale price did not reflect true value. To prove that point the BOE attempted to prove that the sale was not an arm's-length sale. If the BOE had proven the first point, it next had to establish the increased valuation. In this case the BOE never got beyond the first point. Thus, consideration of the auditor's appraisal never became an issue. The BTA correctly did not consider the auditor's appraisal.

Finally, the BOE contends that the property was not exposed to the open market. Again, we disagree. The BTA found that the BOE's contention was not supported by sufficient competent and probative evidence. In fact there are no facts to support the BOE's contention. The undisputed evidence in this case shows that the property was on the market for over two years and was marketed to at least seventy-five potential purchasers and brokers. One of the brokers contacted was the selling broker. As a result of Bawolek's marketing efforts, two offers, in addition to the one that was accepted, were received for the building. We will not overrule the BTA's findings of fact that are based upon sufficient probative evidence. *Hawthorn Mellody, Inc. v. Lindley* (1981), 65 Ohio St.2d 47, 19 O.O.3d 234, 417 N.E.2d 1257, syllabus. This court does not "sit either as a 'super' Board of Tax Appeals or sit as a trier of fact *de novo.*" *Youngstown Sheet & Tube Co. v. Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St.2d 398, 400, 20 O.O.3d 349, 351, 422 N.E.2d 846, 848.

Based on the foregoing, we find the decision of the BTA to be reasonable and lawful, and it is therefore affirmed.

*Decision affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.