[This decision has been published in *Ohio Official Reports* at 90 Ohio St.3d 564.]

**BOARD OF EDUCATION OF THE COLUMBUS CITY SCHOOL DISTRICT, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES.**

[Cite as *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2001-Ohio-16.]

*Taxation–Real property valuation—Five parcels of real property that contain multiple old buildings that are occupied only on the ground floor level– Decision of Board of Tax Appeals reversed and cause remanded to Board of Tax Appeals when not supported by sufficient probative evidence—BTA may order hearing of additional evidence and investigation—R.C. 5717.01.*

(No. 00-236—Submitted November 29, 2000—Decided January 17, 2001.)

APPEAL from the Board of Tax Appeals, No. 99-A-57.

————————

*Per Curiam.*

{¶ 1} Appellees John J. Chester and Richard J. Solove are the owners of five parcels of real property located at the northeast corner of Broad and High streets in Columbus. The five parcels, 010-7497, 010-45855, 010-42441, 010-37030, and 010-20454, contain multiple old buildings that are being occupied only on the ground floor level. The upper floors of the buildings have been sealed off at the direction of the Fire Marshal.

{¶ 2} For tax year 1993, the auditor valued the five parcels at $1,401,000. Chester and Solove filed a complaint with the Franklin County Board of Revision ("BOR"), alleging that the true value of the five individual parcels totaled $850,000. In response, the Board of Education of the Columbus City School District ("BOE") filed a countercomplaint alleging the value of the five parcels to be $1,700,000.

{¶ 3} At the start of the BOR's hearing on the valuation of the five parcels, counsel for Chester and Solove asked the BOR to include the record from case No.

93-576A&B, a prior hearing to value an adjacent parcel located at 8 East Broad Street, also owned by Chester and Solove. The owners stated that the appraisal report introduced in the prior case covered both the five parcels and the parcel at 8 East Broad Street and appraised them separately. Counsel for the BOE also asked the BOR to include the record from 93-576A&B.

{¶ 4} The only witness at the BOR hearing was the owners' appraiser, John R. Garvin, whose restricted appraisal is included in the transcript. Garvin valued the five parcels at $962,000.

{¶ 5} The BOR determined the true value for the five parcels to be $630,000. In its determination the BOR reduced the land values for all parcels, but it did not change the valuation for any of the buildings.

{¶ 6} The BOE appealed to the Board of Tax Appeals ("BTA"), where all parties waived an evidentiary hearing and the auditor abandoned his initial valuation and joined with the BOR to support the BOR's reduced valuation. The BTA found that the statutory transcript did not contain any evidence from the prior BOR case No. 93-576A&B. No attempt was made by any of the parties to reconstruct the record.

{¶ 7} The BTA further found that the owners had met their burden of proof at the BOR with their appraisal evidence and that "there is little support for the auditor's [original] valuation in the record." The BTA rejected the BOE's contention that the BTA should adopt Garvin's appraisal value of $962,000 because "the record before us lacks competent and probative evidence supporting that value." The BTA found that BOR's valuation of $630,000 was the true value of the five parcels.

{¶ 8} This cause is now before this court upon an appeal as of right.

{¶ 9} The question before us is whether the BTA may affirm a valuation made by a board of revision that is different from the auditor's value where the

record on appeal to the BTA contains no supporting evidence and no evidence is introduced before the BTA.

{¶ 10} When the BTA determines a value for a property, that valuation is a finding of fact. *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraph four of the syllabus. Any finding of fact by the BTA must be supported by the evidence. *Hawthorn Mellody, Inc. v. Lindley* (1981), 65 Ohio St.2d 47, 19 O.O.3d 234, 417 N.E.2d 1257, syllabus. We also require the BTA to state what evidence it considers relevant in reaching a value determination. *Howard v. Cuyahoga Cty. Bd. of Revision* (1988), 37 Ohio St.3d 195, 197, 524 N.E.2d 887, 889.

{¶ 11} R.C. 5717.01, applicable to appeals from a board of revision to the BTA, provides that "[t]he county board of revision shall * * * certify to the board of tax appeals a transcript of the record of the proceedings of the county board of revision pertaining to the original complaint, and all evidence offered in connection therewith." After the BTA receives the transcript, there are several different ways it can proceed. The BTA "may order the appeal to be heard on the record and the evidence certified to it by the county board of revision, or it may order the hearing of additional evidence, and it may make such investigation concerning the appeal as it deems proper." *Id.* All parties are afforded an opportunity to offer additional evidence before the BTA, within the limits of R.C. 5715.19(G).

{¶ 12} The record the BTA received from the BOR in this matter contained no testimony or evidence to support the BOR's valuation of the five parcels at $630,000. Nor did any party request an opportunity to supplement the record at the BTA. When the record from the board of revision is filed at the BTA, it is open for the parties to review and verify that all the evidence offered to the board of revision is included. If any evidence is missing from the record and it cannot be supplied by the board of revision, any party can request the BTA to hold a hearing where the

missing evidence can be introduced, as well as other additional evidence, within the limits of R.C. 5715.19(G).

{¶ 13} Here, both parties waived the opportunity for an evidentiary hearing before the BTA. By agreeing to waive an evidentiary hearing before the BTA, both parties agreed to have the case decided based on the record as it then existed. Neither party can now be heard to complain that the record is incomplete.

{¶ 14} When cases are appealed from a board of revision to the BTA, the burden of proof is on the appellant, whether it be a taxpayer or a board of education, to prove its right to an increase or decrease from the value determined by the board of revision. *Cincinnati School Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (1997), 78 Ohio St.3d 325, 328, 677 N.E.2d 1197, 1200. The appellant before the BTA must present competent and probative evidence to make its case; it is not entitled to a reduction or an increase in valuation merely because no evidence is presented against its claim. *Hibschman v. Bd. of Tax Appeals* (1943), 142 Ohio St. 47, 26 O.O. 239, 49 N.E.2d 949.

{¶ 15} After reviewing the record and finding that the BOE had not provided the competent and probative evidence needed to meet its burden, the BTA affirmed the BOR's value. If the BOR had retained the auditor's original assessed valuation, the BTA would have been justified in adopting that value. *Salem Med. Arts & Dev. Corp. v. Columbiana Cty. Bd. of Revision* (1998), 82 Ohio St.3d 193, 195, 694 N.E.2d 1324, 1327. However, that was not the case. Here the value set by the BOR was its own value, different from that assessed by the auditor.

{¶ 16} When the BTA reviews the evidence in a case in which the statutory transcript is the only evidence, the BTA must review the transcript and "make its own independent judgment based on its weighing of the evidence contained in the transcript." *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1996), 76 Ohio St.3d 13, 15, 665 N.E.2d 1098, 1101. When the BTA reviewed the transcript in this case, it found that "[t]here is no evidence or other information in the statutory

transcript to explain the action taken by the BOR." By affirming the BOR's valuation, the BTA affirmed a valuation that was not supported by any evidence.

{¶ 17} The duty of the BTA on an appeal from a board of revision is set forth in R.C. 5717.03, which provides that "the board of tax appeals shall determine the taxable value of the property whose valuation * * * is complained of." Therefore, in an appeal from a board of revision it is the BTA's duty "is to establish the taxable value of the property." *Columbus Bd. of Edn., supra, 76* Ohio St.3d at 15, 665 N.E.2d at 1101. However, in this matter the BTA stated that it had no competent and probative evidence on which to base its determination. The BTA is not without the statutory authority to resolve the issue presented in this appeal. R.C. 5717.01 provides that the BTA "may order the hearing of additional evidence, and it may make such investigation concerning the appeal as it deems proper."

{¶ 18} We cannot affirm a determination of value by the BTA that is not supported by sufficient probative evidence. On remand, the BTA is to take whatever action it deems necessary in order to determine the valuation of the parcels of property at issue. The valuation determined by the BTA must be supported by competent and probative evidence. Without some evidence of record, we are unable to determine whether the decision of the BTA is reasonable and lawful.

{¶ 19} Accordingly, for the reasons set forth above, the decision of the BTA is reversed, and the cause is remanded to the BTA for further consideration in conformity with this opinion.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., RESNICK, F.E. SWEENEY and COOK, JJ., concur.

DOUGLAS, PFEIFER and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 20} I respectfully dissent. Because I agree that the board of education failed to sustain its burden of proof on appeal from the BOR, I would affirm the decision of the BTA.

{¶ 21} The board of education argued before the BTA that the BOR's decrease in the valuation of the property was not supported by substantial, credible evidence. For the BTA to evaluate the board's proposition, the BTA had to review the transcript, weigh the evidence within it, and make its own independent judgment. In order to do so, the BTA needed the full and complete record of proceedings before the BOR. The board of education, as the appellant, was required to provide the BTA with the complete record in order to demonstrate the lack of evidence to support the BOR's valuation. However, the board did not provide the BTA with a complete copy of the record before the BOR.

{¶ 22} In its opinion, the BTA noted a direction in the transcript to "see [case No.] 93-576 for evidence" in the BOR's explanation of the reasoning behind the valuation assigned to the subject property. It is undisputed that the appellant did not submit the record in case No. 93-576 to supplement the transcript before the BTA and made no effort to do so. As the majority notes, the burden before the BTA was on the board of education to prove its case by competent and probative evidence. The board of education did not do so. Instead the board of education attempted to shift the burden of proof to appellees to prove the opposite, that the BOR had acted in accordance with the evidence. The majority appears likewise to shift the burden to appellees. The majority notes that neither party here attempted to reconstruct the record or asked for an evidentiary hearing. Nevertheless, although *both* parties are permitted to verify that all evidence is filed with the BTA, and *both* parties may request a hearing to introduce any missing evidence, the burden remains on the party who is challenging the BOR's valuation to provide the necessary evidence to prove that the BOR's valuation was not supported by

substantial, reliable evidence. Neither party may now complain about an incomplete record; however, appellees correctly contend that the board of education failed to sustain its burden of proof before the BTA.

{¶ 23} The board of education also argued that the BTA should increase the value of the property. However, the board did not provide any evidence of the claimed value of the property. This court has repeatedly held that the party seeking a change in valuation must provide evidence of the claimed value. *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (1997), 78 Ohio St.3d 325, 677 N.E.2d 1197. Where "there is no evidence from which the BTA can independently determine value, it may approve the board of revision's valuation, without the board of revision's presenting any evidence." *Simmons v. Cuyahoga Cty. Bd. of Revision* (1998), 81 Ohio St.3d 47, 49, 689 N.E.2d 22, 24. In the absence of a complete transcript, the BTA correctly presumed the regularity of the proceedings below and the validity of the BOR's findings. Consequently, I believe the BTA correctly affirmed the valuation determined by the BOR.

DOUGLAS and PFEIFER, JJ., concur in the foregoing dissenting opinion.

_____

*Teaford, Rich, Crites & Wesp, Jeffrey A. Rich, Mark H. Gillis* and *James R. Gorry,* for appellant.

*Ronald J. O'Brien*, Franklin County Prosecuting Attorney, *Paul M. Stickel* and *Jeffrey L. Appel*, Assistant Prosecuting Attorneys, for appellees Franklin County Board of Revision and Franklin County Auditor.

*Fred Siegel Co., L.P.A.,* and *Annrita S. Johnson,* for appellees John J. Chester and Richard J. Solove.

_____