Ferrone, Appellant, v. Medina County Board
of Revision et al., Appellees.

[Cite as *Ferrone v. Medina Cty. Bd. of Revision,*
105 Ohio St.3d 415, 2005-Ohio-2284.]

(No. 2004–0389—Submitted April 13, 2005—Decided May 25, 2005.)

---

**Per Curiam.**

{¶ 1} The appellant, Raymond L. Ferrone, challenges the taxable value assigned to his real property by the Medina County Auditor and the Medina County Board of Revision for tax years 1998 and 2001. That property— identified in the county auditor's records as parcel number 16–03D–14–027— consists of slightly less than ten acres of land. Ferrone's home is located on the property, which also includes 7.5 acres that have been classified as "forest land"

by the Chief of the Division of Forestry, Ohio Department of Natural Resources, in accordance with R.C. 5713.22 to 5713.26.

{¶ 2} For tax year 1998, the Medina County Auditor fixed the true value of the property at $240,660 and the taxable value at $84,240. For tax year 2001, the auditor set the true value of the property at $266,460 and the taxable value at $93,260.

{¶ 3} According to Ferrone, the auditor relies on improper methods to calculate property values on forest lands, and those improper methods, he contends, have caused his forest land to be overvalued and overtaxed. Ferrone presented his arguments first to the Medina County Board of Revision, which left unchanged the taxable value assigned to the property by the auditor. Ferrone then appealed from that decision under R.C. 5717.01 to the Board of Tax Appeals ("BTA"). The BTA found that Ferrone had not presented sufficient evidence—indeed, had not presented any evidence—to support his claim that the auditor had overvalued the land, and the BTA therefore determined that the taxable value of the property should remain unchanged from the value set by the auditor.

{¶ 4} Ferrone has now appealed to this court. For the reasons that follow, we affirm the BTA's decision.

{¶ 5} The supervisor of the appraisal department at the Medina County Auditor's Office testified before the BTA. That official, who is a licensed appraiser in the state of Ohio, explained that the auditor's valuation of Ferrone's property was based on recent sales of nearby comparable properties. Her testimony is supported by exhibits presented during the hearing before the BTA. She also testified that the taxes imposed on Ferrone's forest land are calculated in the same way as the taxes imposed on all other forest land in the county.

{¶ 6} Ferrone, on the other hand, did not provide any evidence to the BTA about the value of his land. Though Ferrone presented extensive testimony to the BTA about errors allegedly committed by the county auditor, the BTA gave "little weight" to his testimony because Ferrone offered no evidence to support a valuation for his property lower than the one assigned by the auditor.

{¶ 7} "When cases are appealed from a board of revision to the BTA, the burden of proof is on the appellant, whether it be a taxpayer or a board of education, to prove its right to an increase or decrease from the value determined by the board of revision." *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (2001), 90 Ohio St.3d 564, 566, 740 N.E.2d 276. And when the BTA is considering testimony and appraisal reports about the value of property, "the BTA possesses wide discretion in evaluating the weight of the evidence and the credibility of the witnesses that come before it." *Fawn Lake Apts. v. Cuyahoga Cty. Bd. of Revision* (1999), 85 Ohio St.3d 609, 613, 710 N.E.2d 681.

{¶ 8} In this case, the BTA noted that it relied on the testimony presented by the supervisor from the county auditor's office in determining the value of Ferrone's property. The BTA was certainly entitled to do so, for as we have said, the BTA "may accept all, part, or none" of a witness's testimony. *Simmons v. Cuyahoga Cty. Bd. of Revision* (1998), 81 Ohio St.3d 47, 48, 689 N.E.2d 22.

{¶ 9} Once the BTA determines a value for property, as it did in this case, "that valuation is a finding of fact." *Columbus City School Dist.,* 90 Ohio St.3d at 565, 740 N.E.2d 276. That finding of fact will be undone by this court "only when it affirmatively appears from the record that such decision is unreasonable or unlawful." *Throckmorton v. Hamilton Cty. Bd. of Revision* (1996), 75 Ohio St.3d 227, 229, 661 N.E.2d 1095.

{¶ 10} In this case, the BTA's conclusion that the taxable value of the property should remain unchanged from the value set by the auditor is supported by the evidence, and the BTA did not abuse its discretion in reaching that conclusion. As we have said before, "[i]n the absence of probative evidence of a lower value," a county board of revision and the BTA "are justified in fixing the value at the amount assessed by the county auditor." *Salem Med. Arts & Dev. Corp. v. Columbiana Cty. Bd. of Revision* (1998), 82 Ohio St.3d 193, 195, 694 N.E.2d 1324. Because appellant Ferrone failed to carry his burden of proof on the issue of valuation, and because the BTA's factual determination is supported by the evidence in the record, we affirm the BTA's decision.

{¶ 11} Ferrone presents several statutory and constitutional challenges to the method that the Medina County Auditor uses to calculate the value of forest land and the value of land on which homes are built. Errors in the auditor's procedures have resulted in an improper increase in the taxable value of his property, Ferrone contends. We do not agree.

{¶ 12} Acreage designated as forest land by the Ohio Department of Natural Resources—because the land is "devoted exclusively to forestry or timber growing"—is to be taxed annually "at fifty per cent of the local tax rate upon its value." R.C. 5713.23. According to the supervisor from the Medina County Auditor's Office who testified before the BTA, Medina County actually calculates property taxes on forest land by first determining the value of the forest land and then multiplying 50 percent of that value by the local tax rate.

{¶ 13} Though Ferrone claims otherwise, both methods in fact lead to the same final result. The auditor's decision to either multiply the full value of forest land by 50 percent of the local tax rate or instead to multiply 50 percent of the forest land's value by 100 percent of the local tax rate does not affect the property owner's tax bill, and it certainly does not affect the property's true value. In both cases, the owner of forest land pays just 50 percent of the property taxes that would otherwise be owed on the land were it not devoted to forestry or

timber growing. That is just what the General Assembly intended under R.C. 5713.23, which calls for forest land to be taxed at "fifty per cent of the local tax rate."

{¶ 14} The auditor's method of calculating the taxes owed on forest land in the county is applied to all owners of those lands in the same way, according to testimony before the BTA, and Ferrone offered no evidence to the contrary. Because all similarly situated property owners are treated alike, we reject Ferrone's claim that the auditor has violated the U.S. Constitution's Equal Protection Clause.

{¶ 15} Under R.C. 5717.03(B), the BTA's duty in reviewing a decision of a county board of revision is to "determine the taxable value of the property" when that value is disputed. The BTA has done so, and the BTA's determination is neither unreasonable nor unlawful.

{¶ 16} Ferrone's remaining constitutional claims—grounded on the Takings Clause in the Fifth Amendment to the U.S. Constitution, the Contracts Clause in Section 28, Article II of the Ohio Constitution, the forestry exemption clause in Section 36, Article II, and the uniform-rule clause in Section 2, Article XII—are presented in his brief in summary fashion with little or no explanation and no legal support. We reject all of them, for we see no evidence that the auditor has violated any constitutional provision by setting the true and taxable values of Ferrone's property at the amounts that the auditor, the Board of the Revision, and the BTA found appropriate.

{¶ 17} For the reasons explained above, the decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.