OPINION *Page 2 
{¶ 1} On January 19, 2007, appellant, James Helfrich, purchased property located at 1312 Harold Stewart Parkway, Pataskala, Ohio, from the Secretary of Housing Urban Development (hereinafter "HUD") for $113,800.00. The Licking County Auditor's records valued the true value of the property at $178,500.00.
 {¶ 2} On January 31, 2007, appellant filed a complaint with appellees, the Licking County Board of Revision (hereinafter "BOR") and the Licking County Auditor, to decrease the value of the subject property to a true value of $113,800.00 for the tax year 2006. The BOR decreased the value of the property to a true value of $157,600.00.
 {¶ 3} Appellant then filed an appeal with the Ohio Board of Tax Appeals (hereinafter "BTA"). A hearing was held on March 3, 2008. By decision and order entered July 29, 2008, the BTA upheld the BOR's valuation.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE OBTA FAILED TO CONSIDER APPELLANT'S TESTIMONY AS A PROFESSIONAL AND PRINCIPAL OWNER OF THE SUBJECT PROPERTY."
 II {¶ 6} "THE OBTA FAILED TO CONSIDER COMPARABLE PROPERTIES."
 I, II {¶ 7} Appellant's two assignments challenge the BTA's decision on the valuation of his property. Specifically, appellant claims the BTA failed to consider his *Page 3 
testimony on valuation as a professional and principal owner of the subject property, and failed to consider his comparable properties. We disagree.
 {¶ 8} Appeals from the BTA are governed by R.C. 5717.04 which states the following in pertinent part:
 {¶ 9} "If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification."
 {¶ 10} Pursuant to R.C. 5713.03, the county auditor shall determine the valuation of real estate as follows:
 {¶ 11} "The county auditor, from the best sources of information available, shall determine, as nearly as practicable, the true value of each separate tract, lot, or parcel of real property and of buildings, structures, and improvements located thereon and the current agricultural use value of land valued for tax purposes in accordance with section 5713.31 of the Revised Code, in every district, according to the rules prescribed by this chapter and section 5715.01 of the Revised Code, and in accordance with the uniform rules and methods of valuing and assessing real property as adopted, prescribed, and promulgated by the tax commissioner. He shall determine the taxable value of all real property by reducing its true or current agricultural use value by the percentage ordered by the commissioner. In determiningthe true value of any tract, lot, or parcel of real estate under thissection, if such tract, lot, or parcel has been the subject of an arm'slength sale between a willing seller and a willing buyer within areasonable length of *Page 4 time, either before or after the tax lien date, the auditor shallconsider the sale price of such tract, lot, or parcel to be the truevalue for taxation purposes. However, the sale price in an arm's length transaction between a willing seller and a willing buyer shall not be considered the true value of the property sold if subsequent to the sale:
 {¶ 12} "(A) The tract, lot, or parcel of real estate loses value due to some casualty;
 {¶ 13} "(B) An improvement is added to the property. Nothing in this section or section 5713.01 of the Revised Code and no rule adopted under section 5715.01 of the Revised Code shall require the county auditor to change the true value in money of any property in any year except a year in which the tax commissioner is required to determine under section 5715.24 of the Revised Code whether the property has been assessed as required by law." (Emphasis added.)
 {¶ 14} Appellant sought a true value on his property equivalent to the sale price, $113,800.00. By decision and order entered July 29, 2008, the BTA found appellant's testimony established he purchased the subject property in January of 2007 from HUD. As a result, the purchase was not an "arm's length" transaction, and the sale price was inapplicable. In support, the BTA cited the case of Donald C. Wright Investments, LLC v.Montgomery County Board of Revision, Et Al. (June 10, 2005), BTA No. 2003-M-1828, wherein the BTA held the following:
 {¶ 15} "We have also rejected sale prices when those prices were the result of a purchase from HUD after HUD had received title to the property pursuant to its mortgage guarantee.***In rejecting the purchase price garnered through foreclosure or HUD sale as evidence of value, the board does not mean to suggest that such a sale *Page 5 
cannot, under any circumstance, reflect market value. However, the statutes and case law are clear that a sale price garnered in such sales must be rejected as evidence of market value for ad valorem taxation purposes." (Citations omitted.) See, also, TSM Partners, Inc. v.Montgomery County Board of Revision (February 18, 2005), BTA No. 2003-V-1825.
 {¶ 16} Appellant goes to great lengths to refute the "carte blanche" rejection of a HUD sale by arguing the property was on the open market for some two hundred and twenty days with an asking price of $133,000.00 before he purchased the property. He also argues depreciated value of the property because it was sold "AS IS" adjoining commercial property and allegedly containing mold.
 {¶ 17} In his brief at 7, appellant attempts to bolster his valuation by arguing an identical property located at 402 Green Apple Place, Pataskala, Ohio, sold within two weeks of the subject property for $117,725.00. No evidence was presented during the BTA hearing regarding this property.
 {¶ 18} Appellant presented six comparables, only two of which were disclosed prior to the hearing. The BTA rejected both of the disclosed sales because they involved foreclosures. The BTA noted no evidence was presented describing the sales of the additional four properties therefore, it was unable to determine whether the sales were arm's length in nature.
 {¶ 19} The BTA also rejected appellant's income approach to value based upon possible rental income. The BTA concluded no evidence was presented to corroborate appellant's numbers and "further information is needed to effectively calculate a value for the subject property based on the income approach." *Page 6 
 {¶ 20} In conclusion, the BTA stated, "In summary, we must conclude that appellant has not presented the competent and probative evidence that is required to meet his burden of proof." See, Columbus City SchoolDistrict Board of Education v. Franklin County Board of Revision,90 Ohio St.3d 564, 2001-Ohio-16.
 {¶ 21} From our reading of the BTA's decision, we conclude the BTA based its decision on the lack of credible evidence to support appellant's opinion as to the property's value. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page."Davis v. Flickinger, 77 Ohio St.3d 415, 418, 1997-Ohio-260.
 {¶ 22} We will address the BTA's decision under the applicable standard of review, as we cannot supplant our personal opinion upon the facts. Our analysis centers on whether the decision was unreasonable or unlawful. See, R.C. 5717.04 cited supra.
 HUD SALES {¶ 23} Appellees rely on previous decisions that found HUD sales not to be valid comparables for ad valorem tax purposes. See, TSM Partnersand Donald C. Wright Investments, both cited supra. We find the analysis of the previous rulings to be well-founded in the realities of life. At first glance, one might question the rejection of the sale price of the subject property given the two hundred and twenty days wherein the property was marketed at $133,000.00 with no buyers. T. at 17-18. In fact, as noted in *Page 7 
the Donald C. Wright Investments case, the use of a HUD sale can be appropriate if it is proven that the sale reflects a true market value. The burden of proof lies with appellant.
 {¶ 24} In his Exhibit A, appellant presented six comparable sales to substantiate his valuation:
 {¶ 25} 1. 1398 Harold Stewart Parkway sold on July 26, 2007 for $100,000.00;
 {¶ 26} 2. 1300 Harold Stewart Parkway sold on April 25, 2007 for $145,000.00;
 {¶ 27} 3. 220 Isaac Tharp Street sold on October 29, 2007 for $121,400.00;
 {¶ 28} 4. 133 Penrod Avenue sold on August 29, 2007 for $138,000.00;
 {¶ 29} 5. 198 Purple Finch Loop sold on March 30, 2007 for $135,100.00; and
 {¶ 30} 6. 1021 Oxford sold on August 29, 2007 for $136,000.00.
 {¶ 31} Appellant did not present verification of these sales. T. at 28. He did not know if the sales involved HUD or bank foreclosures. Id. When asked if he obtained an appraisal of the subject property, appellant stated, "[o]ther than the one I did myself, based on my experience, no." T. at 29.
 {¶ 32} Debbie Buchanan, appraiser for the Licking County Auditor's Office, testified the 1398 Harold Stewart Parkway property and the 1021 Oxford Street property involved foreclosure sales. T. at 32-33, 37-38. Ms. Buchanan did not have an opinion as to the value of the other four properties because she was unaware of appellant's reliance on them. T. at 39-40.
 {¶ 33} The BTA chose to accept the BOR's decrease of true value on the subject property from $178,500.00 to $157,600.00. This valuation was substantiated by Ms. Buchanan in appellees' Exhibit 1. T. at 42-48. The properties listed in said exhibit were *Page 8 
used to determine a square footage cost. The majority of the properties were in the $100.00 to $115.00 per square foot range, as opposed to appellant's valuation of $53.07 to $79.00 per square foot. T. at 19-22, 47.
 {¶ 34} We find the BTA's decision to be supported by the evidence in the record provided by Ms. Buchanan. We further find because of appellant's lack of verification of his comparable sales and lack of an arm's length sale supported by the evidence, the BTA was correct in rejecting appellant's valuation.
 {¶ 35} Assignments of Error I and II are denied.
 {¶ 36} The judgment of the Ohio Board of Tax Appeals is hereby affirmed.
Farmer, P.J. Gwin, J. and Wise, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ohio Board of Tax Appeals is affirmed. Costs to appellant. *Page 1