*220 O’Donnell, J.,
dissenting in part.
{¶ 33} I respectfully dissent from the majority’s decision to reconsider whether the Board of Tax Appeals (“BTA”) erred in rejecting the bulk sale valuation and to remand the matter to the BTA for an independent determination of value. Here, East Bank presented expert evidence of a $3,100,000 valuation, and the Dublin City Schools Board of Education failed to present any evidence supporting a different valuation and thus failed to meet its burden of proof on appeal to the BTA. Moreover, because evidence in the record negated the auditor’s valuation of the property, the BTA acted unreasonably and unlawfully by reverting to that valuation instead of conducting its own independent valuation based upon the evidence in the record. Accordingly, I would adopt East Bank’s evidence and establish the 2008 valuation as $3,100,000.

Factual Background

{¶ 34} This case involves the property valuation of 21 condominium units that remained unfinished to varying degrees as of the 2008 tax lien date. The Franklin County auditor assessed the true value of each of the 21 units and determined that the aggregate value of the units for the tax year 2008 was $8,139,300. East Bank filed complaints with the board of revision challenging the auditor’s valuation of the property, and the board of education filed countercomplaints seeking retention of the auditor’s valuation.
{¶ 35} At the board of revision hearing, the only evidence regarding valuation came from East Bank. In addition to the testimony of East Bank’s managing partner, East Bank presented the testimony and appraisal report of Thomas Horner, who opined that the 21 units had a “net present market value” or “as-is value” of $3,100,000. To arrive at this value, Horner conducted a comparable sales analysis and then deducted the estimated cost to finish the remaining units. This analysis yielded “gross sale proceeds” of $6,492,294. Because he considered the 21 units as a “single economic unit” due to the facts that they are “owned by one owner” and “[tjhat owner can only sell all units at one time to one investor,” he applied a “bulk discount” to arrive at an estimated value of $3,100,000.
{¶ 36} Although counsel for the school board cross-examined East Bank’s managing partner, the school board did not present any witnesses or additional evidence regarding the value of the property at the board of revision hearing.
{¶ 37} The board of revision adopted Horner’s valuation of $3,100,000 as the total fair market value for the 21 units, noting, “We were given no additional information on behalf of the county complainant school board in this matter, and * * * we recognize Mr. Horner as being an expert in the area of real estate appraisal.”
{¶ 38} The school board appealed the board of revision’s decision to the BTA. At the BTA hearing, however, the school board failed to present any witnesses or *221 any evidence supporting its valuation or the auditor’s valuation. East Bank presented the testimony of its managing partner and Horner, who offered additional data from condominium sales occurring after the tax lien date and retrospectively concluded that a revised cash flow analysis yielded a value of $2,900,000.
{¶ 39} After its review, the BTA reversed the board of revision’s adjustments and reinstated the auditor’s valuation of the 21 units, determining that Horner’s use of the bulk discount was improper and concluding that East Bank “failed to present competent and probative evidence to either this board or the BOR in support of its requested decreases in value.” Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision, BTA Nos. 2009-Q-1282 through 2009-Q-1301 and 2009-Q-1408, 2012 WL 3166815, *6 (July 24, 2012).

Dublin City Schools I

{¶ 40} In our prior decision, we recognized that “[w]hen a party appeals a board of revision’s decision to the BTA, the appellant, whether it be a taxpayer or a board of education, has the burden to prove its right to a reduction or increase in the board of revision’s determination of value.” Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision, 139 Ohio St.3d 193, 2013-Ohio-4543, 11 N.E.3d 209-10, ¶ 15 {“Dublin City Schools I”), citing Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision, 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001). We further explained that when the board of revision adopted East Bank’s valuation, the burden of presenting “competent and probative evidence” supporting a different valuation shifted to the board of education on appeal to the BTA. Id. at ¶ 16. However, we determined that the board of education failed to meet its burden in this case, because it did not present any evidence to support its own valuation or the auditor’s valuation. Id.
{¶ 41} Moreover, we determined that “the BTA’s reinstatement of the auditor’s valuation was ‘not justified, because the taxpayer had presented evidence contrary to the auditor’s determination to the board of revision.’ ” Id. at ¶ 21, quoting Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913, ¶ 12. Specifically, we noted that “there is no evidence indicating that the auditor accounted for the unfinished state of the units or the units’ depreciation in value due to market conditions, and the historical sales evidence provided by East Bank further contradicts the auditor’s valuation.” Id. Thus, we concluded that “[w]hen confronted with such clear evidence negating the auditor’s valuation, the BTA acted unreasonably and unlawfully in adopting the auditor’s valuation rather than determining the taxable value of the property.” Id. at ¶ 26.
{¶ 42} Determining that the school board did not present any evidence before the board of revision or the BTA, that the evidence in the record negated the *222 auditor’s valuation, and that the BTA acted unreasonably and unlawfully in failing to conduct its own independent valuation despite sufficient evidence in the record to do so, we reversed the decision of the BTA and established the 2008 valuation as $3,100,000 in accordance with the only evidence of valuation contained in the record as presented by East Bank’s expert. Id. at ¶ 27. We further explained, “We need not consider whether the bulk sale approach was appropriate in this instance because we determine that the BTA acted unreasonably and unlawfully in not conducting its own independent valuation of the property taking into account the unfinished state of some, if not all, of the units, the depreciation in value, and the sales history.” Id. at fn. 1.

Reconsideration

{¶ 43} Instead of determining whether the BTA erred in rejecting the bulk sale valuation and remanding the cause, I would reinstate the valuation of $3,100,000 based upon East Bank’s evidence of value and the board of education’s failure to present any evidence supporting a different valuation.
{¶ 44} In Bedford, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913, a case involving the valuation of an improved parcel of land that was one of several parcels in a strip mall, id. at ¶ 1, we concluded that the BTA’s reinstatement of the auditor’s valuation was not justified, because the property owner presented evidence contradicting the auditor’s determination to the board of revision and the school board’s evidence before the BTA “did not amount to independent evidence of value that would undermine the BOR’s determination” nor did it “support reinstating the auditor’s valuation.” Id. at ¶ 12-13. We further explained that we did “not need to remand the cause to the BTA, because the BOR’s determination comports with the evidence in the record.” Id. at ¶ 15.
{¶ 45} Similarly, in my view, we do not need to remand this matter to the BTA, because East Bank provided expert evidence supporting the value of $3,100,000 and the school board had the opportunity — and the burden — to present evidence supporting a different valuation on appeal to the BTA but failed to do so. Considering that the parties had “ample opportunity to present evidence,” they should not be given another chance to present additional evidence on remand. Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 34 (vacating the BTA’s decision and remanding for a determination whether the sale was “recent” in light of the entire record but ordering that “the BTA shall not take additional evidence on remand,” as “the parties have had ample opportunity to present evidence”); see generally HealthSouth Corp. v. Levin, 121 Ohio St.3d 282, 2009-Ohio-584, 903 N.E.2d 1179, ¶ 36 (vacating the BTA’s decision and remanding the case to the BTA for it to “complete its fact-finding” but ordering that “[bjecause the parties *223 have been afforded ample opportunity to present evidence, the BTA shall not take additional evidence on remand”).
Rich & Gillis Law Group, L.L.C., Mark H. Gillis, Jeffrey A. Rich, and Karol C. Fox, for appellee Dublin City Schools Board of Education.
Zeiger, Tigges & Little, L.L.P., Marion H. Little Jr., and Matthew S. Zeiger, for appellant.
{¶ 46} Moreover, the BTA acted unreasonably and unlawfully in reinstating the auditor’s valuation, because the evidence in the record contradicted that valuation and there was sufficient evidence in the record from which the BTA could independently determine value. Dublin City Schools I, 139 Ohio St.3d 193, 2013-Ohio-4543, 11 N.E.2d 211-12, 213, at ¶ 21, 26. The BTA should have conducted an independent determination of value based on the evidence in the record in the first instance, and for that reason I dissent from the majority’s decision to “remand this case to the BTA so that it may conduct an independent valuation for the properties in question.” Majority opinion at ¶ 31. A remand in this situation prolongs even further the determination of value in a case involving a 2008 tax lien date.
{¶ 47} Accordingly, I would reverse the determination of the BTA and, in light of the school board’s failure to satisfy its burden and provide evidence supporting a different valuation, I would establish the 2008 valuation at $3,100,000 in accordance with the evidence presented in this case.
Pfeifer and Kennedy, JJ., concur in the foregoing opinion.