*503 French, J.,
dissenting.
{¶ 33} This case turns on whether the 2011 sale price of a property owned by the United States Department of Housing and Urban Development (“HUD”) is the best evidence of that property’s value for tax year 2011. The Board of Tax Appeals (“BTA”) found that the sale in question was not the best evidence of value. Because that determination was neither unlawful nor unreasonable on the record before us, I would defer to the BTA’s judgment about both the nature of the HUD sale and the value of the subject property. I therefore respectfully dissent from the majority’s contrary holding.
{¶ 34} This court has long recognized that a HUD sale price is presumptively not evidence of a property’s value under R.C. 5713.04. See Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision, 127 Ohio St.3d 63, 2010-Ohio-4907, 936 N.E.2d 489, ¶ 21-26 (“Fenco”); Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision, 141 Ohio St.3d 243, 2014-Ohio-4723, 23 N.E.3d 1086, ¶ 2. However, a property owner can rebut this presumption with evidence that a particular HUD sale was an arm’s-length transaction between typically motivated parties. See Fenco at ¶ 26.
{¶ 35} The per curiam opinion correctly identifies this legal standard, but it fails to accord the required deference to the BTA’s determination that appellant, Fred P. Schwartz, failed to rebut the Fenco presumption in this case. This court must defer to the BTA’s factual findings, including determinations of property value, as long as they are supported by reliable and probative evidence in the record. Satullo v. Wilkins, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14. We will “reverse BTA findings only when there is a total absence of evidence to support a particular finding.” HealthSouth Corp. v. Testa, 132 Ohio St.3d 55, 2012-Ohio-1871, 969 N.E.2d 232, ¶ 14. This deference is appropriate because the BTA has wide discretion in determining the weight of evidence before it and the credibility of witnesses. Apple Group Ltd. v. Medina Cty. Bd. of Revision, 139 Ohio St.3d 434, 2014-Ohio-2381, 12 N.E.3d 1188, ¶ 14.
{¶ 36} Here, the BTA was responsible for deciding whether Schwartz met his burden to prove that the HUD sale in question was an arm’s-length transaction. In this regard, the BTA could consider evidence of whether the sale was “voluntary, i.e., without compulsion or duress,” whether it “[took] place in an open market,” and whether the parties to the transaction acted “in their own self-interest.” Walters v. Knox Cty. Bd. of Revision, 47 Ohio St.3d 23, 25, 546 N.E.2d 932 (1989). At the BTA hearing, the only evidence Schwartz presented on this issue was testimony from his representative, Vladimir Victor. The BTA had the opportunity to evaluate Victor’s credibility and the weight of his testimony, and it found that Schwartz failed to meet his burden to rebut the Fenco presumption. Because it is not this court’s role to “sit either as a super BTA or as a trier of fact *504 de novo,” DAK, PLL v. Franklin Cty. Bd. of Revision, 105 Ohio St.3d 84, 2005-Ohio-573, 822 N.E.2d 790, ¶ 16, and because the BTA’s finding is neither unreasonable nor unlawful under R.C. 5717.04,1 regard it as our duty to affirm it.
J. Alex Morton, for appellant.
Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini Jr., Assistant Prosecuting Attorney, for appellees.
{¶ 37} In light of this conclusion, it is necessary to briefly address Schwartz’s remaining three propositions of law, which the per curiam opinion does not reach.
{¶ 38} In his second proposition of law, Schwartz argues that even if the HUD sale was not the best evidence of value, the BTA acted unreasonably and unlawfully by rejecting his evidence of comparable sales. As with the above determination, I would defer to the BTA’s finding that these comparables were not probative evidence of value because they amounted to “nothing more than a list of raw sales data.” BTA No. 2013-608, 2013 WL 6834186, *2 (Nov. 13, 2013).
{¶ 39} In his third proposition of law, Schwartz argues that the BTA applied the incorrect burden of proof. According to Schwartz, once he presented probative, competent evidence that the fiscal officer’s valuation was speculative and inflated, the burden of proof shifted to the county to prove its valuation. But Schwartz misunderstands his burden. As the appellant, Schwartz must introduce evidence of a specific valuation.[5] He is not entitled to a reduction simply by presenting evidence that the fiscal officer’s valuation was too high. See Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision, 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001).
{¶ 40} Finally, Schwartz argues that the BTA “failed to act as a fair and impartial tribunal” in light of the errors asserted in his first three propositions of law. This due-process claim fails because Schwartz’s first three propositions of law are unpersuasive and because, contrary to his claims, the BTA’s decision adequately addressed his arguments.
{¶ 41} For these reasons, I would affirm the decision of the BTA. I therefore respectfully dissent.
Kennedy, J., concurs in the foregoing opinion.

. Schwartz requested a valuation of $30,000, but he offered no explanation of how he arrived at that value.