[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *N. Canton City School Dist. Bd. of Edn. v. Stark Cty. Bd. of Revision,* **Slip Opinion No. 2018-Ohio-1.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**Slip Opinion No. 2018-Ohio-1**

**NORTH CANTON CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE, *v.* STARK COUNTY BOARD OF REVISION ET AL., APPELLEES; LFG PROPERTIES, L.L.C., APPELLANT.**

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *N. Canton City School Dist. Bd. of Edn. v. Stark Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-1.]**

*Taxation—Real-property valuation—Presumption that forced sale was not at arm's length rebutted—Decision of the Board of Tax Appeals reversed and cause remanded.*

(No. 2015-0349—Submitted September 12, 2017—Decided January 2, 2018.)

APPEAL from the Board of Tax Appeals, Nos. 2013-6181 and 2013-6222.

————————————

**DEWINE, J.**

{¶ 1} This appeal concerns the valuation for tax purposes of a property that was sold following a foreclosure proceeding. The primary issue before us involves the application of the "forced sale" provision of R.C. 5713.04. As we have applied

the provision, a forced sale gives rise to a presumption that the sale price is not the property's true value. *See Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 141 Ohio St.3d 243, 2014-Ohio-4723, 23 N.E.3d 1086, ¶ 40. That presumption can be rebutted, however, by evidence that an arm's-length transaction occurred. *Id.* at ¶ 43. When the presumption is overcome, the sale price is used as the property's value. *Id.* at ¶ 24.

**{¶ 2}** In this case, the Board of Tax Appeals ("BTA") applied the presumption, despite uncontradicted evidence demonstrating that the transaction was at arm's length. We reverse the decision of the BTA and remand the case with the instruction that the $1,200,000 sale price be used as the property's true value for tax purposes.

## I.     The Property Is Marketed and Sold Following Foreclosure

**{¶ 3}** The property is a 36-unit apartment complex in North Canton. After the complex went into foreclosure, the common pleas court appointed a receiver over the property, and Huntington National Bank obtained a judgment of about $1,700,000 against its borrower. The property was set for sheriff's sale with a minimum bid of $1,400,000. There were no bids, and the property did not sell.

**{¶ 4}** The receiver then marketed the property through a national real estate brokerage firm, Hendricks & Partners. The firm sent out marketing materials to many developers, including a mass-mailing flyer that showed a list price of $1,325,000 and a pro forma statement of income and expenses for operating the apartment complex. In addition, the property was advertised on two national commercial-real-estate websites. The marketing materials made no mention of the sheriff's sale that failed to sell the subject property.

**{¶ 5}** Ultimately, Hendricks & Partners received 17 inquiries from potential buyers, and at least a half-dozen offers to purchase were submitted, ranging from $820,000 to $1,200,000. The highest and best offer was $1,200,000, submitted by LFG Properties, L.L.C. There was no relationship between LFG Properties and the

receiver or the former property owner. The receiver presented the offer to the court, and the court approved the sale, finding that it was "commercially reasonable." The property was transferred to LFG Properties in June 2011.

{¶ 6} LFG Properties filed a valuation complaint with appellee Stark County Board of Revision ("BOR") seeking to reduce the property's tax-year-2012 valuation from $1,841,300 to $1,200,000. North Canton City School District Board of Education ("school board") filed a countercomplaint seeking to retain the auditor's valuation. At the BOR hearing, LFG Properties was the only party to present evidence. After considering the evidence, the BOR noted that there was evidence in the record that a distress sale occurred. It found, however, that the presumption of involuntariness was rebutted with "strong testimony" by LFG Properties, and "good evidence [was] presented" showing that the property was marketed over time. The BOR found that the June 2011 sale represented the property's fair market value at the time of the sale. It then adjusted that sale price by $101,500 to account for repairs that were made by LFG Properties after the sale, thereby establishing a total value of $1,301,500.

{¶ 7} LFG Properties and the school board both appealed to the BTA. The BTA rejected the BOR's reliance on the 2011 sale price as an indicator of value, found that the sale was a forced sale, and reinstated the auditor's valuation. LFG Properties appealed to this court.

## II. The BTA Erred in Failing to Apply the Sale Price

{¶ 8} LFG Properties raises two issues on appeal. Under its first proposition of law, it argues that the BTA erred in failing to value the property at the sale price of $1,200,000. Under its second proposition of law, it argues in the alternative that the BTA erred in not reinstating the BOR's value of $1,301,500.

### A. The School Waived Its Evidentiary Challenge

{¶ 9} Before we get to the merits of the matter, there is an evidentiary issue we must address. The school board contends that we cannot consider certain

documents that were filed in the foreclosure action, including the order appointing the receiver, a joint motion seeking approval of the sale (which included a copy of the sale agreement and an affidavit that explained the marketing of the property), and the order approving the sale. In the proceeding below, LFG Properties moved the BTA to take judicial notice of these documents, and the BTA admitted the documents into evidence and referred to them in its decision. *See* 2015 Ohio Tax LEXIS 738 at *3.

{¶ 10} Importantly, the school board did not object to the admission of the documents at the BTA hearing and, in fact, argued that they supported its position that the sale was forced. By failing to object and relying upon their contents, the school board has waived any objection to the use of the documents. *See Plain Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 130 Ohio St.3d 230, 2011-Ohio-3362, 957 N.E.2d 268, ¶ 20.

### B. LFG Properties Rebutted the Forced-Sale Presumption

{¶ 11} When real property has been the subject of a recent arm's-length sale, former R.C. 5713.03, as in effect on the tax-lien date in this case, required the property to be valued according to the sale price. Am.Sub.H.B. No. 260, 140 Ohio Laws, Part II, 2665, 2722; *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, ¶ 13. But when the underlying transaction is an auction or forced sale under R.C. 5713.04, a rebuttable presumption exists that the sale price is not evidence of the property's value. *Olentangy Local Schools*, 141 Ohio St.3d 243, 2014-Ohio-4723, 23 N.E.3d 1086, at ¶ 40. To rebut the presumption, the proponent of the sale price must present "evidence showing that the sale occurred at arm's length between typically motivated parties." *Id.* at ¶ 40.

{¶ 12} The BTA found that the forced-sale provision applied—something no party disputes. It then concluded that the June 2011 sale was not "a reliable indicator of value * * * because the transaction in question was a court mandated

sale, i.e., a sale by a receiver, which this board has previously held, on numerous occasions, constitutes a forced sale." 2015 Ohio Tax LEXIS 738 at *3.

{¶ 13} In reaching this conclusion, the BTA did not consider any of the evidence set forth by LFG Properties that the property was subject to an arm's-length transaction. The BTA instead cited five other cases, all of which predate *Olentangy Local Schools*, in which it refused to consider evidence that the property was openly marketed. *Id.* In effect, the BTA adopted a conclusive presumption that the sale was not at arm's length and thus not indicative of value. In doing so, it failed to consider whether the presumption had been rebutted as required by our holding in *Olentangy Local Schools*.

{¶ 14} In another case, we might stop here and simply remand for the BTA to properly perform its analysis. But there is no need to do so here because the only evidence in the record demonstrates that the sale was at arm's length.

{¶ 15} As the appellant before the BTA, the school board bore the burden to prove its right to an increase in the value determined by the BOR. *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001), citing *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 328, 677 N.E.2d 1197 (1997). It sought to meet this burden by arguing that a sale by a court-appointed receiver as a matter of law could not be considered an arm's-length transaction. In support of this argument, it offered only citations to BTA decisions that predated this court's decision in *Olentangy Local Schools*. It did not, however, identify any evidence establishing that this particular sale was not at arm's length.

{¶ 16} Indeed, the closest it came to challenging the arm's-length nature of the sale was to point out that (1) the property had been submitted for a sheriff's sale, (2) there were no bidders at the sheriff's sale, and (3) the property sold within 17 days after the sheriff's sale. But these circumstances demonstrate only that the

ultimate sale came fairly close in time to the sheriff's sale. They do not show that the sale to LFG Properties was not at arm's length.

{¶ 17} Whether a transaction occurred at arm's length depends on whether the sale was voluntary, whether it took place on the open market, and whether the parties acted in their own self-interest. *Walters v. Knox Cty. Bd. of Revision*, 47 Ohio St.3d 23, 25, 546 N.E.2d 932 (1989). LFG Properties put forth substantial evidence before the BOR to show that its purchase of the property met these criteria. The evidence demonstrated that the property had been aggressively marketed by a qualified professional, that there was interest in the property from a number of buyers and at least a half-dozen offers, that the buyer was unconnected with the receiver or former property owner, that the buyer had not been aware of the sheriff's sale, that the highest and best offer was accepted, and that the court found the sale price to be "commercially reasonable."

{¶ 18} All the school board offered in response was a legal theory that was rejected by this court in *Olentangy Local Schools*. Though it bore the burden of proof before the BTA, the school board failed to point to any evidence that the sale price was not indicative of the value or that the transaction was not at arm's length.

{¶ 19} Because the school board failed to meet its burden before the BTA and because we determine that the evidence establishes that the 2011 sale was at arm's length, we conclude that the BTA erred in not applying former R.C. 5713.03 to find that the 2011 sale price constituted the value of the property.

### C. The Property Value Should Not Be Adjusted by the Repair Costs

{¶ 20} Under its second proposition of law, LFG Properties suggests that as an alternative to valuing the property at the sale price, we could reinstate the BOR's value of $1,301,500 (sale price plus repair cost).

{¶ 21} The BOR's approach has a certain intuitive appeal—as a practical matter it might make sense in at least some cases to adjust the sale price for postsale

repairs. But former R.C. 5703.13 leaves no room to do it that way. It mandated that the auditor "shall consider" a recent arm-length's sale "to be the true value for taxation purposes." 140 Ohio Laws, Part II, 2665, 2722. Once a recent sale is determined to be at arm's length, the sale price must be used.

### III.    Conclusion:  The Case Is Remanded with Instructions to Value the Property at the Sale Price

{¶ 22} The school board failed to meet its burden to prove its right to an increase in the value determined by the BOR. The uncontradicted evidence in the record established an arm's-length transaction. In similar circumstances, we have remanded with instructions that the sale price be used as evidence of the property's value for the tax year. *See Schwartz v. Cuyahoga Cty. Bd. of Revision*, 143 Ohio St.3d 496, 2015-Ohio-3431, 39 N.E.3d 1223. We apply the same remedy here.

{¶ 23} We reverse the BTA's decision and remand the case with the instruction that the property's true value for tax year 2012 be set at $1,200,000.

Decision reversed

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

FISCHER, J., concurs in judgment only.

_____

Lane, Alton & Horst, L.L.C., and Robert M. Morrow; and Mary Jo Shannon Slick, for appellee North Canton City School District Board of Education.

Vorys, Sater, Seymour & Pease, L.L.P., and Karen H. Bauernschmidt, for appellant.

_____